[No. B006576. Second Dist., Div. Six. May 28, 1985.]

SUELLEN FEGLES et al., Plaintiffs and Appellants, v.
HAROLD RICHARD KRAFT et al., Defendants and Respondents.

## COUNSEL

Yanello & Associates and Mary T. Jackson for Plaintiffs and Appellants.

Jim D. Mills, George I. Lane and Richard A. Drace for Defendants and Respondents.

## OPINION

**GILBERT, J.**—Appellants Suellen and William C. Fegles appeal an order of the superior court awarding $450 in "reasonable expenses and attorneys' fees" to respondents who successfully opposed a motion by appellants for a change of venue. We reverse the order of the trial court, and remand.

### FACTS

Appellants are plaintiffs in a personal injury action originally filed in Oakland, Alameda County, California, on November 17, 1982. Respondents are defendants in that action. They filed their answer to the complaint and also a motion to change venue to San Luis Obispo, the county of their residence. Appellants filed a countermotion to retain the action in Alameda County because of inconvenience to 27 witnesses. After a hearing on the motions, the trial court in Oakland ordered the case transferred to San Luis Obispo. Appellants' petition for a writ of mandate was denied on May 27, 1983.

In June 1984, a year after the first motion for change of venue was made, respondents noticed a motion to file a cross-complaint. Appellants, undaunted by the two previous rulings against them on the venue issue, used the

occasion to try again. On the same day they filed a motion to transfer the case from San Luis Obispo back to Oakland. The motion was based on essentially the same grounds as the motion made the previous year, only now it was alleged that 30 witnesses would be inconvenienced rather than 27. Also, one of the additional witnesses was a doctor in Lake Tahoe. The trial court denied the motion to transfer the case back to Oakland and awarded respondents $450 for the time they spent in opposing the motion.

## DISCUSSION

The trial court made its order for attorneys' fees pursuant to Code of Civil Procedure section 128.5, subdivision (a), which provides: "Every trial court shall have the power to order a party or the party's attorney, or both, to pay any reasonable expenses, including attorney's fees, incurred by another party as a result of tactics or actions not based on good faith which are frivolous or which cause unnecessary delay. Frivolous actions or delaying tactics include, but are not limited to, making or opposing motions without good faith."

Appellants argue that their tenacity does not amount to "frivolous actions, delaying tactics, or bad faith." Borrowing language from *Karwasky* v. *Zachay,* (1983) 146 Cal.App.3d 679, 681 [194 Cal.Rptr. 292], appellants argue this is not the case where "any reasonable attorney would agree such motion is totally devoid of merit. (See *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 649-650 [183 Cal.Rptr. 508, 646 P.2d 179].)" It is possible that a "reasonable attorney" might agree that the initial opposition to the motion for change of venue could have some merit when first brought. Bearing in mind that "all that endures is change," that view might be subject to a reappraisal after one trial judge, and presumably a panel of at least two or three appellate justices, decided the motion lacked sufficient merit to be granted.

The contention by appellants that the motion was made in good faith loses some of its vitality by the conspicuous absence of compliance with Code of Civil Procedure section 1008, subdivision (b), which provides: "When the party who originally made an application for an order which was refused in whole or part, . . . makes a subsequent application for the same order upon an alleged different state of facts, it shall be shown by affidavit what application was made before, when and to what judge, what order or decision was made thereon, and what new facts are claimed to be shown. For a failure to comply with this requirement, any order made on such subsequent application may be revoked or set aside on ex parte motion."

Counsel for respondents had the foresight to fill in the gaps so that the trial court had before it the full historical perspective concerning this ill-fated change of venue motion.

Appellants argue that section 1008, subdivision (b), applies when the identical motion is made in the same court as the first motion because the file would not immediately reveal to the judge that a similar motion had been made previously. Here, they argue that the face of the file reveals that the case had been transferred from Alameda Superior Court. Therefore, it was unnecessary to tell the judge something he already knew.[1]

Appellants cite *Blue Mountain Development Co.* v. *Carville* (1982) 132 Cal.App.3d 1005 [183 Cal.Rptr. 594], for the proposition that the court in certain cases may enter a ruling even though the requirements of section 1008, subdivision (b), have not been met. True. Here the court made a ruling even though the requirements of section 1008, subdivision (b), were not met.

We note that appellants had adequate notice of the motion for attorney's fees which was incorporated in respondent's opposition to the motion to retransfer the case back to Alameda County. Appellants also had ample opportunity to argue the case in San Luis Obispo before Judge Conklin. At the hearing, the judge wondered, as we do, when this moribund motion can be laid to rest and no longer resurrected to haunt the courts of either Alameda or San Luis Obispo Counties. We hope that Judge Conklin's ruling delivered the coup de grace.

At the hearing to retransfer the case to Oakland, Judge Conklin reviewed the history of the motion and wondered rhetorically as he addressed appellants: "[Y]ou are renewing a motion and requiring the defendant to meet that motion when the motion was made in Alameda County. [¶] The motion to change venue was granted. It was taken up to the Court of Appeal. The Court of Appeal rejected the opportunity to change the ruling of the trial court."

Appellants argue that their present motion was different than the earlier one because respondents had made the original motion for change of venue, whereas now it is appellants who are affirmatively moving that the venue be changed. Riding the momentum of this stunning argument, appellants argue that the circumstances had so changed that they were justified in bringing the motion. They point out that a treating doctor of one of the plaintiffs is in Lake Tahoe. Although travel time from Lake Tahoe to San Luis Obispo may be longer than it is to Oakland, Judge Conklin sagaciously pointed out that the doctor had "no connection with Alameda County." As

---

[1]This contention is comparable to a student turning in a blank mathematics exam to his teacher and saying, "I didn't write any of the answers to the problems because they are self-evident." The contention earns the same grade as the student's exam.

appellants continued to argue the merits of this motion, Judge Conklin asked them incredulously, "What you are saying is that the Alameda County judge was wrong when he transferred venue?" Then, he asked, in what must have been a tone of sheer disbelief, "And the appellate court was wrong in upholding his decision?"

The judge ruled on the motion, and appellants learned that the third time is not a charm. It is obvious from the judge's comments that he considered the motion frivolous. ■ Nevertheless, appellants' contention that the judge's written order failed to comply with Code of Civil Procedure section 128.5, subdivision (b), is well taken.

Section 128.5, subdivision (b), provides: "Expenses pursuant to this section shall not be imposed except on notice contained in a party's moving or responding papers; or the court's own motion, after notice and opportunity to be heard. An order imposing expenses shall be in writing and shall recite in detail the conduct or circumstances justifying the order." The court's minute order provides: ". . . Court awards attorney fees to defendant in the amount of $450 for meeting and opposing the motion for change of venue. . . ." In addition, Judge Conklin, signed the following order: "Plaintiffs SUELLEN FEGLES and WILLIAM C. FEGLES' motion to change venue to Alameda County is denied. In this regard, said plaintiffs are ordered to pay to defendants HAROLD RICHARD KRAFT and DORIS KRAFT the sum of $450.00 as and for their reasonable expenses and attorneys' fees incurred in opposing the motion for change of venue."

The order was in writing; it stated the amount of attorneys' fees; but it did not "recite in detail the conduct or circumstances justifying the order." The court must state the specific circumstances giving rise to the award of attorneys' fees, and state with particularity the basis for finding those circumstances amount to "tactics or actions not based on good faith which are frivolous or which cause unnecessary delay." The court's written order should be more informative than a mere recitation of the words of the statute. In *Karwasky* v. *Zachay, supra,* 146 Cal.App.3d at page 681, the trial court properly granted a motion for attorney's fees pursuant to Code of Civil Procedure section 128.5, subdivision (b), by stating that the motion was frivolous and not made in good faith because it had no basis in law, and the party had no standing to bring the motion.

Although the judge's comments here unmistakably reflected his appraisal of the venue motion, and gave appellants notice of his reasons for the award of attorney's fees, we can envision situations where a taciturn judge makes no comments in connection with his ruling, or if he does make comments, they are ambiguous. In *Bauguess* v. *Paine* (1978) 22 Cal.3d 626, at page

638 [150 Cal.Rptr. 461, 586 P.2d 942], our Supreme Court gave the Legislature the rationale for requiring detailed written findings when ordering attorney's fees for frivolous motions. "The use of courts' inherent power to punish misconduct by awarding attorney's fees may imperil the independence of the bar and thereby undermine the adversary system. . . ." " '. . . [A]ny power·of the trial court to impose such sanctions should be created by the legislative branch of government with appropriate safeguards and guidelines developed following a thorough in-depth investigation. [Fn. omitted.]' " (*Id.,* at p. 639, citing *Young* v. *Redman* (1976) 55 Cal.App.3d 827, 839 [128 Cal.Rptr. 86].)

Having failed to make findings, the trial court is not deprived of this opportunity forever.

We remand so that the trial court may either make findings in a manner consistent with the views expressed in this opinion, or in the alternative, vacate its award of attorneys' fees to respondents. (See, e.g., *Custom Craft Carpets, Inc.* v. *Miller* (1982) 137 Cal.App.3d 120, 122-123 [187 Cal.Rptr. 78].) All parties to bear their own costs.

Stone, P. J., and Abbe, J., concurred.