[No. B016067. Second Dist., Div. Six. Feb. 10, 1987.]

GEORGE R. HEARST, JR., Plaintiff, Cross-defendant and Appellant, v. GEORGE FERRANTE et al., Defendants Cross-complainants and Respondents.

COUNSEL

Donovan, Leisure, Newton & Irvine, Philip M. Battaglia and Steven L. Grey for Plaintiff, Cross-defendant and Appellant.

Lipton & Margolin, Keith A. Bregman and Hugh A. Lipton for Defendants, Cross-complainants and Respondents.

OPINION

GILBERT, J.—Some attorneys are so addicted to litigation that they will do anything to prolong it. Regrettably, that is why the California Reports contain an ever growing number of cases devoted to sanctions.

Here is yet another contribution to the sanctions proliferation. Where sanctions are awarded pursuant to Code of Civil Procedure section 128.5,[1] the court must state in writing its reasons for the order. (*Fegles* v. *Kraft* (1985) 168 Cal.App.3d 812, 816-817 [214 Cal.Rptr. 380].) Here we hold that where sanctions are awarded against a party as a condition of relieving him from

---

[1]All statutory references are to the Code of Civil Procedure.

a judgment or order under section 473, the court must also provide that party with a written statement of reasons for the order.

Cross-defendant George R. Hearst, Jr., appeals the $600 attorneys' fees awarded to cross-complainants George and Kathy Ferrante. We remand to permit the trial court to state reasons justifying the sanctions, or alternatively, to vacate the award. (§ 128.5; *Fegles* v. *Kraft, supra,* 168 Cal.App.3d 812, 816-817; § 473; *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 654 [183 Cal.Rptr. 508, 646 P.2d 179].)

## FACTS

The Ferrantes, sued by Hearst for breach of contract, filed a cross-complaint against Hearst for false imprisonment and infliction of emotional distress. The Ferrantes' attorney contended that he personally served this cross-complaint upon Marilyn O'Toole, an attorney representing Hearst. He also served the cross-complaint upon her by mail that same day. O'Toole declared that she did not receive the cross-complaint either by personal service or through the mail. She was aware that the Ferrantes had filed a cross-complaint, however.

Several weeks later, O'Toole wrote the Ferrantes' attorney and requested a copy of the cross-complaint. In response, the attorney mailed another copy of the cross-complaint. O'Toole declared she did not receive this copy either.

Having received no answer to the cross-complaint, the Ferrantes obtained a default judgment after proper notice to Hearst. Hearst then petitioned the court to set aside the default judgment because his attorneys believed the cross-complaint had not been served. O'Toole declared that she knew a cross-complaint had been filed with the court because the Ferrantes' attorney had so informed her. When she did not receive a copy of the cross-complaint in response to her letter, she purchased a copy from the clerk of the superior court.

The trial judge set aside the default but stated that Hearst could have resolved the service controversy by voluntarily answering the cross-complaint. The trial judge decided that both parties were blameworthy but that Hearst should pay $600 in attorneys' fees to the Ferrantes.

On appeal Hearst argues that 1) the trial judge failed to specify reasons justifying the award of sanctions and 2) the award of sanctions was an abuse of discretion. Our conclusion concerning Hearst's first argument makes it unnecessary to discuss his second argument.

DISCUSSION

The order awarding the attorneys' fees to the Ferrantes stated that "[t]he court awards sanctions against the plaintiff in the amount of $600.00." ▮ The trial judge specified neither the reasons for the sanctions nor the statute permitting the award. We decide here that whether the trial judge acted under section 128.5 or section 473, due process requires a statement of reasons justifying sanctions. (*In re Marriage of Flaherty, supra,* 31 Cal.3d 637, 654; *Fegles* v. *Kraft, supra,* 168 Cal.App.3d 812, 816-817.)

Section 128.5 permits the trial court to impose reasonable expenses incurred by a party as a result of his adversary's frivolous or delaying tactics.[2] The award of expenses must be written and specify the reasons for the award: "An order imposing expenses shall be in writing and shall recite in detail the conduct or circumstances justifying the order." (§ 128.5, fn. 2, *ante.*) ▮ An order bereft of this statement of reasons cannot stand. (*Fegles* v. *Kraft, supra,* 168 Cal.App.3d 812, 816-817.)

Section 473 permits the trial court to relieve a party from a judgment or order against him under specified conditions and "upon such terms as may be just." Courts have long construed this phrase to allow payment of costs or attorneys' fees to the adverse party to compensate him for any losses or expenses suffered by the section 473 motion. (*Williams* v. *Myer* (1907) 150 Cal. 714, 719 [89 P. 972]; *Hansen* v. *Snap-Tite, Inc.* (1972) 23 Cal.App.3d 208, 213 [100 Cal.Rptr. 51].) ▮ Although section 473 empowers the trial court to award attorneys' fees occasioned by the resisting party, due process requires that the court provide the party with a written statement of reasons for the award when the fees are imposed as "sanctions." (*In re Marriage of Flaherty, supra,* 31 Cal.3d 637, 654.) This requirement of written reasons affords a safeguard against an abuse of the trial court's discretion and permits appellate review of that discretion.

▮ Accordingly, we remand to enable the trial court to make findings

---

[2]At the time of the hearing, section 128.5 provided: "(a) Every trial court shall have the power to order a party or the party's attorney, or both, to pay any reasonable expenses, including attorney's fees, incurred by another party as a result of tactics or actions not based on good faith which are frivolous or which cause unnecessary delay. Frivolous actions or delaying tactics include, but are not limited to, making or opposing motions without good faith. This section also applies to judicial arbitration proceedings under Chapter 2.5 (commencing with Section 1141.10) of Title 3 of Part 3. [¶] (b) Expenses pursuant to this section shall not be imposed except on notice contained in a party's moving or responding papers; or the court's own motion, after notice and opportunity to be heard. An order imposing expenses shall be in writing and shall recite in detail the conduct or circumstances justifying the order."

In 1985 the section was amended to define bad faith and frivolous actions or tactics.

or to vacate its award of attorneys' fees to the Ferrantes. Each party to bear his own costs.

Stone, P. J., and Abbe, J., concurred.