Opinion
 

 MARTIN, Acting P. J.
 

 Investor appeals from an order declaring her to be a vexatious litigant (Code Civ. Proc., § 391 et seq.) and awarding sanctions in favor of defendant brokers.
 
 [1]
 

 Statement of the Case
 

 Procedural History of Case No. 217876:
 

 On October 15, 1991, plaintiff filed a complaint for damages against defendant in Kern County Superior Court. Plaintiff alleged causes of action for breach of contract, breach of duty, breach of fiduciary duty, plus other causes of action, and prayed for $5 million in damages.
 

 On November 21, 1991, defendant filed a demurrer (Code Civ. Proc., § 430.10, subds. (e), (f), (g)) to the complaint and prayed for dismissal with prejudice. On January 7, 1992, the court sustained the demurrer and granted plaintiff 20 days leave to amend.
 

 On or about January 7, 1992, plaintiff moved for the transfer of her entire National Association of Securities Dealers (NASD) arbitration file (claim No. 91-00986) to the Kern County Superior Court.
 

 On January 24, 1992, plaintiff filed an amended complaint, alleging defendant’s “Breach of a Corporate Obligation With the Public.”
 
 *986
 
 Defendant filed a demurrer to the amended complaint alleging, among other things, “[t]he instant action is founded upon the identical allegations and facts that plaintiff has previously asserted in another lawsuit she filed in the U.S. District Court for the Eastern District of California, case No. CV-F-90-450 REC, as well as an arbitration claim filed with the National Association of Securities Dealers, Inc., case No. 91-00986. Both actions were dismissed by the respective forums. Therefore, the instant claim is barred by the doctrine of res judicata . . . .”
 

 On April 16, 1992, the Kern County Superior Court, after hearing, sustained the demurrer to the amended complaint without leave to amend.
 

 On May 8, 1992, the superior court entered a formal order sustaining defendant’s demurrer to plaintiff’s amended complaint, and on May 12, 1992, plaintiff filed a notice of appeal from the order sustaining demurrer without leave to amend (our case No. F017864).
 

 On August 17, 1992, October 7, 1992, and November 3, 1992, this court struck plaintiff’s opening briefs on appeal for failure to conform to California Rules of Court, rules 13 and 15(a).
 

 On December 10, 1992, we dismissed appeal No. F017864 “for (1) persistent, substantial noncompliance with the rules on appeal and court orders pointing out such noncompliance, and (2) failure to present an intelligible appellate argument. (See
 
 Berger
 
 v.
 
 Godden
 
 (1985) 163 Cal.App.3d 1113, 1118-1121 [210 Cal.Rptr. 109].)” Remittitur issued on February 9, 1993.
 

 On March 25, 1993, this court denied defendant’s motion to recall the remittitur.
 

 Procedural History of Case No. 220662:
 

 On June 22, 1990, plaintiff filed a complaint against defendant in the Maricopa-Taft Branch of South Kern Municipal Court. Plaintiff alleged causes of action for breach of contract, fraud and misrepresentation, and violations of blue sky laws, NASD rules, and Securities and Exchange Commission rules, among other things. Plaintiff filed an amended complaint for breach of written contract and intentional tort on May 8, 1992, and prayed for $5 million in damages. On May 18, 1992, the South Kern Municipal Court ordered transfer of this action to the Kern County Superior Court (Code Civ. Proc., § 116.8).
 

 On June 5,1992, the superior court ordered the instant case to be managed under the Special Rules of the Kern County Superior Court for the Administration of Civil Litigation (commonly known as “Fast Track”).
 

 
 *987
 
 On June 10, 1992, plaintiff filed a classification statement under the “Fast Track” rules, and on June 18, 1992, plaintiff filed a notice of hearing for the amended written contract complaint filed June 22, 1990.
 

 On July 1,1992, defendant filed a demurrer and motions for sanctions and for an order determining vexatious litigation. Defendant alleged in relevant part: “The instant case comes before this Court upon a transfer of the action from the South Kern Municipal Court. This action is identical in sum and substance to several previous actions filed by Childs both in this court as well as in the U.S. District Court for the Eastern District of California and in arbitration. In each of the previous actions, the Court or arbitrators have dismissed her claims. In fact, as recently as April 16, 1992, this very court sustained PaineWebber’s demurrer in Case No. 217876, entitled
 
 Juanita W. Childs
 
 v.
 
 PaineWebber Incorporated,
 
 and dismissed the complaint without leave to amend. That case has been taken up on appeal by Childs. However, despite these court rulings, Childs continues to file new complaints and other various pleadings which do nothing more than waste everyone’s time, efforts and other resources, including the Court’s.”
 

 On July 2, 1992, the superior court took plaintiff’s notice of hearing for amended written contract complaint off calendar because the motion failed to conform to the rules of court.
 

 On July 14, 1992, the Kern County Clerk received three memoranda from plaintiff regarding “What PaineWebber Inc. Does to People Who Try & Get Some Justice Against the PWI [PaineWebber, Inc.] Crimes, Causing More Destruction to The Lives of Those Who They Violate.”
 

 On August 12, 1992, the superior court, after a contested hearing, sustained defendant’s demurrer to the amended complaint without leave to amend. The court also heard argument on defendant’s motion for order determining vexatious litigation and took that matter under submission.
 

 On August 13, 1992, plaintiff filed a “Notice for Hearing on . . . Amended Four[-]Year Statute of Limitations Written Contract Claim . . . .”
 

 On September 1, 1992, the superior court filed a minute order finding plaintiff to be a vexatious litigant (Code Civ. Proc., § 391, subd. (b)(2)). The court (1) ordered plaintiff to pay defendant $2,500 in sanctions; (2) forbade plaintiff from filing any further suits, motions, or actions against defendant in the California courts without first obtaining the permission of the presiding judge of the court in which the action or proceeding is to be filed; and (3)
 
 *988
 
 noted the presiding judge of any such court could require plaintiff to furnish security for the benefit of defendant (Code Civ. Proc., § 391.3).
 

 On September 2, 1992, the court filed a formal order sustaining the demurrer without leave to amend and granting the motion for sanctions. The court noted the plaintiff’s amended complaint was barred under the doctrine of res judicata, was barred pursuant to the statute of limitations governing contract claims, and was uncertain because it was vague and ambiguous.
 

 On September 10, 1992, the court received plaintiffs lengthy letter challenging the order granting motion for sanctions.
 

 On September 22, 1992, the superior court filed and entered a formal order determining vexatious litigation status and separately awarding $2,500 in sanctions.
 

 On September 25, 1992, plaintiff filed a timely notice of appeal.
 
 [2]
 

 Facts
 

 Procedural Facts:
 

 Absent an adequate recitation by plaintiff of the chronology of events in the instant case, the following facts are taken substantially verbatim from defendant’s brief on appeal:
 

 “Childs initiated five civil actions against PaineWebber, and in each case the sum and substance of the allegations were identical.
 

 “Childs started her crusade on or about June 22, 1990 by filing a complaint in the South Kern Municipal Court, case No. CJ 2430, alleging fraud, misrepresentation, unsuitability of investments and breach of oral contract. . . . The complaint alleged, in sum, that PaineWebber failed to disclose material facts and recommended an unsuitable investment in preferred units of Mesa L. P.
 

 “After having conversations with PaineWebber’s counsel, during which Childs was presented with a copy of a signed client’s agreement which
 
 *989
 
 mandates arbitration of all disputes between Childs and PaineWebber, Childs sent PaineWebber a letter informing PaineWebber that she was ‘moving the claim to the United States Federal Courts.’ . . .
 

 “On July 17 1990, Childs filed a complaint in the U.S. District Court for the Eastern District of California, case No. CV-F-90 450 REC. . . . Childs asserted causes of action for violations of the Securities Act of 1933 and the Securities Exchange Act of 1934 and again specified allegations of fraud, misrepresentation, and unsuitability of investments.
 

 “On August 26, 1990, PaineWebber filed a motion to compel arbitration in the federal court on the basis of the client’s agreement signed by Child[s] which contained the mandatory arbitration provision. The federal court granted PaineWebber’s motion and on September 28, 1990 ordered the case to arbitration. . . . Despite the federal court’s order, Childs continued to generate and file massive pleadings with the federal court, often in excess of 100 to 300 pages. . . .
 

 “On or about March 13, 1991, Childs filed a Statement of Claim with the NASD, measuring in excess of 320 pages, alleging the same issues raised previously in the federal and state courts. ... On August 21, 1991, PaineWebber moved to dismiss the claim before the NASD on the grounds that the claims were barred by statutes of limitations. This motion was granted by the NASD by order dated December 9, 1991. . . .
 

 “Even while the matter was still pending before the NASD, Childs filed another lawsuit in the Kern County Superior Court on October 24, 1991, case No. 217876, alleging breach of contract and reiterating the
 
 identical
 
 facts which formed the basis for each of her previous filings. . . . After the Kern Superior Court sustained PaineWebber’s first demurrer to the complaint in case No. 217876, on January 14,1992, with leave to amend, Childs filed an amended complaint on February 10, 1992. . . . This time the complaint weighed in again at 326 pages, and except for Childs’[s] misplaced cause of action for ‘Breach of Corporate Obligation Held With the Public[,’] added absolutely nothing new to the case she presented to the federal court and the NASD.
 

 “On April 16, 1992, the Kern Superior Court sustained PaineWebber’s second demurrer, this time to the amended complaint, and dismissed the action without leave to amend. . . .
 

 “While these proceedings were taking place in this Superior Court, PaineWebber was back in federal court trying to confirm the arbitration award and dismiss the action. After ordering the parties to submit additional briefs on the issue of equitable tolling of the statute of limitations, the federal court
 
 *990
 
 finally granted PaineWebber’s Motion for an Order Confirming Arbitration Award and Dismissing Proceedings on February 26, 1992. . . .
 

 “The saga continued. While the instant underlying action (case no. 220662) was still pending before the Superior Court, Childs appealed the Superior Court’s ruling which sustained PaineWebber’s demurrer to the amended complaint in case no. 217876. That appeal (case No. F017864) was dismissed by this court on December 10, 1992. . . .
 

 “PaineWebber presented a chronology of events as described above to the Kern Superior Court in its Demurrer and Motion for Sanctions and Motion for Order Determining Vexatious Litigation, filed on July 1,1992. . . . The Superior Court, the Honorable Robert T. Baca presiding, heard arguments by both parties on PaineWebber’s demurrer and motions on August 12, 1992. On September 1, 1992, the Superior Court entered an order stating that ‘Juanita Childs is found to be a vexatious litigant within the meaning of Section 391(b)(2) of the Code of Civil Procedure.’. . . The Court further determined that ‘Sanctions are ordered to be paid by plaintiff to defendant PaineWebber in the instant matter in the sum of $2,500.’ . . .’’
 

 On February 27, 1992, the United States District Court for the Eastern District of California confirmed the arbitrator’s award in NASD No. 91-00986 and dismissed case No. CV-F-90-00 450-REC because plaintiffs complaint failed to conform to the relevant statute of limitations. On November 8, 1993, the United States Court of Appeals for the Ninth Circuit affirmed the dismissal in part and vacated it in part in an unpublished memorandum disposition (case No. 92-16894).
 

 Sometime in 1993, plaintiff filed case No. CV-93-05370-REC in the United States District Court for the Eastern District of California. The district court dismissed that action based on res judicata. On June 28, 1994, the United States Court of Appeals for the Ninth Circuit reviewed the matter de novo and upheld the dismissal in an unpublished memorandum disposition (case No. 93-16337). The Ninth Circuit noted: “Childs’s present action arises from the same asserted injury and involves the same party as her previous federal action filed in 1990 .... Because ... the claims Childs asserts in the present action were or could have been raised in Childs’s prior action, the district court did not err by dismissing the action as barred by res judicata.”
 

 Substantive Facts:
 

 *
 

 
 *991
 

 Plaintiffs Version of Underlying Facts:
 

 *
 

 Discussion
 

 Did the Lower Court Properly Sustain Brokers’ Demurrer to the Complaint Without Leave to Amend?
 

 *
 

 II.
 
 Did The Lower Court Properly Determine That Investor Is A Vexatious
 
 Litigant?
 

 Plaintiff argues: “I, Juanita W. Childs[,] Am Not a Vexatious Litigant Within the Meaning of Section 391(b)(a)
 
 [sic]
 
 of the Code Of Civil Procedure!!!! I Have [never] Had a Hearing for Any of My Very Legally Filed California Claims Against the Very Dishonest PaineWebber Inc. Who Deprives Those Who They Victimize of the Protections of the Laws of the State of California. PaineWebber Inc. Is a Very Dishonest Brokerage Who Has Deprived Me of My Legal Rights to the Protections of the Laws of California; PaineWebber Inc. Has Caused My Life to Be a Living Hell; PWI Has [destroyed] My Health, [destroyed] My Life, and the Lives of My Family Because the PaineWebber Inc. Brokerage Does Not Conduct Business According to the Laws Which Govern Their Business.”
 

 Code of Civil Procedure section 391 states: “As used in this title, the following terms have the following meanings:
 

 “(a) ‘Litigation’ means any civil action or proceeding, commenced, maintained or pending in any state or federal court of record.
 

 “(b) ‘Vexatious litigant’ means a person who does any of the following:
 

 “(1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing.
 

 “(2) After a litigation has been
 
 finally determined
 
 against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i)
 
 *992
 
 the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the
 
 final determination
 
 against the same defendant or defendants as to whom the litigation was finally determined.
 

 “(3) In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.
 

 “(4) Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence.
 

 “(c) ‘Security’ means an undertaking to assure payment, to the party for whose benefit the undertaking is required to be furnished, of the party’s reasonable expenses, including attorney’s fees and not limited to taxable costs, incurred in or in connection with a litigation instituted, caused to be instituted, or maintained or caused to be maintained by a vexatious litigant.
 

 “(d) ‘Plaintiff’ means the person who commences, institutes or maintains a litigation or causes it to be commenced, instituted or maintained, including an attorney at law acting in propria persona.
 

 “(e) ‘Defendant’ means a person (including a corporation, association, partnership and firm or governmental entity) against whom a litigation is brought or maintained or sought to be brought or maintained.” (Italics added.)
 

 Code of Civil Procedure section 391.1 states: “In any litigation pending in any court of this state, at any time until final judgment is entered, a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security. The motion must be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he will prevail in the litigation against the moving defendant.”
 

 Code of Civil Procedure section 391.2 states: “At the hearing upon such motion the court shall consider such evidence, written or oral, by witnesses or affidavit, as may be material to the ground of the motion. No determination made by the court in determining or ruling upon the motion shall be or be deemed to be a determination of any issue in the litigation or of the merits thereof.”
 

 
 *993
 
 The vexatious litigant statutes are constitutional.
 
 (In re Whitaker
 
 (1992) 6 Cal.App.4th 54, 56 [8 Cal.Rptr.2d 249].) These statutes were enacted to require a person found to be a vexatious litigant to put up security for the reasonable expenses of a defendant who becomes the target of an obsessive and persistent litigant whose conduct can cause serious financial results to the unfortunate object of his or her attack. The purpose of the statutory scheme is to deal with the problem created by the persistent and obsessive litigant who has constantly pending a number of groundless actions, often against the judges and other court officers who decide or were concerned in the decision of previous actions adversely to him.
 
 (First Western Development Corp.
 
 v.
 
 Superior Court
 
 (1989) 212 Cal.App.3d 860, 867-868 [261 Cal.Rptr. 116].)
 

 In the instant case, the superior court declared plaintiff a vexatious litigant stating: “Plaintiff, Juanita Childs[,] is found to be a vexatious litigant within the meaning of Section 391(b)(2) of the
 
 Code of Civil Procedure.
 
 She is therefore forbidden to file any further suits, motions, or actions against defendant PaineWebber Inc. in the Courts of this State without first obtaining permission of the Presiding Judge of the Court in which the action or proceeding is proposed to be filed. The Presiding Judge of any such Court may require that plaintiff furnish security for the ben [e]fit of defendants as provided in Section 391.3 of the
 
 Code of Civil Procedure."
 

 Code of Civil Procedure section 391, subdivision (b)(2) states:
 

 “(b) ‘Vexatious litigant’ means a person who does any of the following:
 

 “(2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was
 
 finally determined
 
 or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the
 
 final determination
 
 against the same defendant or defendants as to whom the litigation was finally determined.” (Italics added.)
 

 As noted above, a “litigation” within the statute means any civil action or proceeding, commenced, maintained or pending in any state or federal court of record. (Code Civ. Proc., § 391, subd. (a).) The statute does not define the phrase “final determination against the same defendant.” However, a judgment is final for all purposes when all avenues for direct review have been exhausted.
 
 (First Western Development Corp.
 
 v.
 
 Superior Court, supra,
 
 212 Cal.App.3d at p. 864.)
 

 
 *994
 
 Here, plaintiff filed action No. 217876 in Kern County Superior Court on October 15, 1991, and amended the complaint on January 24, 1992. The superior court entered an order sustaining defendant’s demurrer to her amended complaint on May 8, 1992. Plaintiff filed a notice of appeal from that order on May 12, 1992 (No. F017864), and this court ultimately dismissed the appeal by order filed December 10, 1992. Plaintiff had also filed action No. CJ 2430 in the Maricopa-Taft Branch of South Kern Municipal Court on June 22, 1990. That matter was removed to the Kern County Superior Court in May 1992 and her complaint was filed as action No. 220662 on May 26, 1992. In the latter action, the court sustained defendant’s demurrer without leave to amend and granted a defense motion for sanctions by order filed September 2, 1992. The court entered its order determining vexatious litigation and awarding sanctions in this proceeding on September 22, 1992. Plaintiff filed her notice of appeal in case No. 220662 on September 25, 1992. Thus, at the time plaintiff filed the latter appeal, September 25, 1992, case No. 217876 was not “finally determined” against plaintiff because appeal No. F017864 was still pending and not dismissed until December 10, 1992.
 

 The remaining question is whether plaintiff’s federal proceedings were “finally determined” at the time she filed the instant action, case No. 220662. On July 17, 1990, plaintiff filed a complaint against defendant in the United States District Court for the Eastern District of California (case No. CV-F-90-00 450-REC). She alleged a number of violations of federal securities laws. On September 28,1990, the Eastern District granted defendant’s application for order to compel arbitration and to stay proceedings pending arbitration. On March 13, 1991, plaintiff filed a statement of claim with the NASD (Arbitration No. 91-00986). On December 9, 1991, following briefing and oral argument, NASD granted defendant’s motion to dismiss based on the applicable statute of limitations. On February 27, 1992, the Eastern District filed an order confirming the arbitration award and dismissing the action. Plaintiff subsequently appealed that order to the United States Court of Appeals for the Ninth Circuit (No. 92-16894). The Ninth Circuit affirmed the dismissal in part and vacated it in part in an unpublished memorandum disposition filed November 8, 1993. Thus, as in state action No. 217876, there was no final determination in the federal courts at the time plaintiff filed the instant action (case No. 220662) or at the time she filed the instant appeal (No. F018582).
 

 Absent a final determination of the state and/or federal litigation against plaintiff, the superior court could not properly determine her to be a vexatious litigant pursuant to Code of Civil Procedure section 391, subdivision (b)(2). Whether a different result under Code of Civil Procedure section 391
 
 *995
 
 could obtain upon remand is not before us. Therefore, the September 22, 1992, order determining plaintiff to be a vexatious litigant and subjecting her to $2,500 in sanctions must be reversed.
 

 We also note defendant separately requested and was awarded sanctions against plaintiff in its demurrer filed July 1, 1992: “PaineWebber respectfully requests that, based upon the arguments provided herein, its demurrer be sustained without leave to amend and that plaintiffs action be dismissed with prejudice. PaineWebber further requests that an award of sanctions for the costs and expenses of attorney’s fees, costs, and travel expenses be entered in favor of PaineWebber pursuant to Section 128.5 of the California
 
 Code of Civil Procedure
 
 to compensate for the improper and continuously harassing actions of plaintiff, regardless of her appearance[s] in pro per.”
 

 In its September 2, 1992, order sustaining demurrer, the court summarily ordered plaintiff to pay defendant $2,500 in sanctions after finding plaintiffs amended complaint was (1) barred under the doctrine of res judicata; (2) barred pursuant to the statute of limitations governing contract claims; and (3) uncertain because it was vague and ambiguous.
 

 Code of Civil Procedure section 128.5 states in relevant part:
 

 “(a) Every trial court may order a party, the party’s attorney, or both to pay any reasonable expenses, including attorney’s fees, incurred by another party as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay. This section also applies to judicial arbitration proceedings under Chapter 2.5 (commencing with Section 1141.10) of Title 3 of Part 3.
 

 “(b) For purposes of this section:
 

 “(1) ‘Actions or tactics’ include, but are not limited to, the making or opposing of motions or the filing and service of a complaint or cross-complaint. The mere filing of a complaint without service thereof on an opposing party does not constitute ‘actions or tactics’ for purposes of this section.
 

 “(2) ‘Frivolous’ means (A) totally and completely without merit or (B) for the sole purpose of harassing an opposing party.”
 

 Code of Civil Procedure section 128.5 authorizes the award of attorney fees as a sanction to control improper resort to the judicial process. The statute permits the award of attorney fees, not simply as appropriate
 
 *996
 
 compensation to the prevailing party, but as a means of controlling burdensome and unnecessary legal tactics.
 
 (On
 
 v.
 
 Cow Hollow Properties
 
 (1990) 222 Cal.App.3d 1568, 1577 [272 Cal.Rptr. 535].) However, to impose sanctions pursuant to Code of Civil Procedure section 128.5, the trial court must (a) state specific circumstances giving rise to the award of attorney fees and (b) articulate with particularity the basis for finding the sanctioned party’s conduct reflected tactics or actions performed in bad faith and that were frivolous or designed to harass or cause unnecessary delay.
 
 (County of Imperial
 
 v.
 
 Farmer
 
 (1988) 205 Cal.App.3d 479, 486 [252 Cal.Rptr. 382].)
 

 Adequate notice prior to imposition of sanctions is mandated by statute (Code Civ. Proc., § 128.5, subd. (b)) and by the due process clauses of the state and federal Constitutions. (Cal. Const., art. I, § 7; U.S. Const., 14th Amend.) Constitutional due process principles are offended by summary imposition of sanctions by a superior court.
 
 (O’Brien
 
 v.
 
 Cseh
 
 (1983) 148 Cal.App.3d 957, 961-962 [196 Cal.Rptr. 409].) Adequacy of notice is not dependent upon an arbitrary number of days notice but should be determined on a case-by-case basis to satisfy basic due process requirements.
 
 (In re Marriage of Quinlan
 
 (1989) 209 Cal.App.3d 1417, 1422 [257 Cal.Rptr. 850].) Thus, Code of Civil Procedure section 128.5 requires notice and opportunity to be heard prior to imposition of sanctions.
 

 In addition, the statute requires an order imposing sanctions “shall be in writing and shall recite in detail the conduct or circumstances justifying the order.” (Code Civ. Proc., § 128.5, subd. (c).) A trial judge’s on-the-record oral recitation of reasons for imposing sanctions is insufficient. But no more is required than a written factual recital, with reasonable specificity, of the circumstances that led the trial court to find the conduct before it sanctionable under the relevant code section.
 
 (Jansen Associates, Inc.
 
 v.
 
 Codercard, Inc.
 
 (1990) 218 Cal.App.3d 1166, 1171 [267 Cal.Rptr. 516].) This means the court’s written order should be more informative than a mere recitation of the words of the statute.
 
 (Fegles
 
 v.
 
 Kraft
 
 (1985) 168 Cal.App.3d 812, 816 [214 Cal.Rptr. 380];
 
 Caldwell
 
 v.
 
 Samuels Jewelers
 
 (1990) 222 Cal.App.3d 970, 977-978 [272 Cal.Rptr. 126].) Recitation of the facts justifying a sanctions order fulfills the rudiments of due process in two ways. First, the recitation requirement ensures the power conferred by statute will not be abused. Second, in some cases the court’s recitation will be an invaluable aid to a reviewing court in determining whether the trial court abused its discretion in awarding sanctions. This purpose is equally served whether the court itself prepares the order, directs counsel to do so, or simply incorporates some specific portion of a party’s papers.
 
 (Young
 
 v.
 
 *997
 

 Rosenthal
 
 (1989) 212 Cal.App.3d 96, 124 [260 Cal.Rptr. 369], cert. den. 494 U.S. 1080 [108 L.Ed.2d 939, 110 S.Ct. 1808].)
 

 To justify a reviewing court’s interference with a sanction award, the trial court must abuse the broad discretion accorded it by the Legislature.
 
 {Luke
 
 v.
 
 Baldwin-United, Corp.
 
 (1985) 167 Cal.App.3d 664, 668 [213 Cal.Rptr. 654].) Sanctions under Code of Civil Procedure section 128.5 are awardable for bad faith actions or tactics that are frivolous or solely intended to cause unnecessary delay. “Frivolous” is defined as either “totally and completely without merit” or “for the sole purpose of harassing an opposing party.” (Code Civ. Proc., § 128.5, subd. (b)(2).) The weight of authority requires a showing not only of a meritless or frivolous action or tactic but also of a bad faith taking of the action or tactic. The bad faith requirement does not impose a determination of evil motive and subjective bad faith may be inferred from the prosecution of a frivolous action.
 
 {West Coast Development
 
 v.
 
 Reed
 
 (1992) 2 Cal.App.4th 693, 702 [3 Cal.Rptr.2d 790].)
 

 The sanctions order in the instant case stated the amount of the sanctions but failed to recite any details of the conduct or circumstances justifying their imposition. Moreover, the court failed to incorporate by reference any papers setting forth the conduct, circumstances, and legal arguments underlying the court’s conclusions. Such a summary order violates due process and precludes this court from determining whether the trial court abused its discretion in awarding sanctions under Code of Civil Procedure section 128.5. Thus, the case must be remanded and the superior court must either (1) enter a new order in accordance with Code of Civil Procedure section 128.5, subdivision (c)
 
 {Jansen Associates, Inc.
 
 v.
 
 Codercard, Inc., supra,
 
 218 Cal.App.3d at p. 1171) or, in the alternative, (2) vacate the imposition of sanctions
 
 {Fegles
 
 v.
 
 Kraft, supra,
 
 168 Cal.App.3d at p. 817).
 

 Disposition
 

 That part of the order sustaining the demurrer without leave to amend which awards sanctions to defendant is reversed and remanded to the trial court to either (1) enter a new sanctions order in accordance with Code of Civil Procedure section 128.5, subdivision (c) or, in the alternative, (2) vacate the imposition of sanctions.
 

 The trial court’s order determining vexatious litigation status and awarding sanctions is reversed and remanded to the trial court for further proceedings and hearing in accordance with the findings and conclusions expressed herein.
 

 
 *998
 
 Each side to bear its own costs of appeal.
 

 Harris, J., and Buckley, J., concurred.
 

 A petition for a rehearing was denied November 18, 1994.
 

 See footnote,
 
 ante,
 
 page 982.
 

 See footnote,
 
 ante,
 
 page 982.
 

 [1]
 

 An order requiring a plaintiff to furnish security as a vexatious litigant is not appealable. If plaintiff fails to furnish the security as ordered, the action will be dismissed (Code Civ. Proc., § 391.4) and the appeal will lie from the judgment or order of dismissal.
 
 (Roston
 
 v.
 
 Edwards
 
 (1982) 127 Cal.App.3d 842, 846 [179 Cal.Rptr. 830].) Appellate courts can invoke their “saving” power to entertain an appeal taken from such an order by construing the appeal as taken from the judgment or order of dismissal. (Eisenberg et al., Cal. Practice Guide: Civil Appeals & Writs 1 (The Rutter Group 1993) ¶ 2:243, p. 2-63.)
 

 [2]
 

 As noted above, an order requiring a plaintiff to furnish security as a vexatious litigant is not appealable. If plaintiff fails to furnish the security as ordered, the action will be dismissed and the appeal will lie from the judgment or order of dismissal.
 
 (Roston
 
 v.
 
 Edwards, supra,
 
 127 Cal.App.3d at p. 846.) No judgment or order of dismissal was entered in the instant case. However, in the interest of justice and to prevent unnecessary delay, a reviewing court may deem the order appealed from as incorporating a judgment of dismissal and treat the notice of appeal as applying to that dismissal.
 
 (Nowlon
 
 v.
 
 Koram Ins. Center, Inc.
 
 (1991) 1 Cal.App.4th 1437, 1440-1441 [2 Cal.Rptr.2d 683] [appeal from nonappealable order sustaining demurrers without leave to amend].) We will do so here.