[No. B166408. Second Dist., Div. Seven. Sept. 21, 2004.]

ROBERT MORIN, Plaintiff and Respondent, v.
BERT ROSENTHAL et al., Defendants and Appellants.

## COUNSEL

Sedgwick, Detert, Moran & Arnold, Randall A. Miller, Hall R. Marston and Tamara L. Bowman for Defendants and Appellants Gregory Pyfrom, Gwen Pyfrom, and Blatz, Pyfrom & Associates.

Burg & Brock and Arnold W. Gross for Defendants and Appellants Bert Rosenthal, Jocelyn Rosenthal, and BPR Consulting Services.

Fuchs & Associates, John R. Fuchs and Gail S. Gilfillan for Plaintiff and Respondent.

## OPINION

**JOHNSON, Acting P. J.**—Defendants appeal from an order denying their SLAPP (strategic lawsuit against public participation) motions as untimely and awarding sanctions to the plaintiff. The court rejected defendants' argument they could not have filed the SLAPP motions any sooner because they had a motion pending to transfer the case from the superior court's west district to its central district. We affirm the portion of the order denying the SLAPP motions. We reverse the portion of the order awarding sanctions and remand the matter to the trial court for a sanctions determination in accordance with the standards and procedures set out in Code of Civil Procedure sections 425.16, subdivision (c) and 128.5, subdivision (c).

## FACTS AND PROCEEDINGS BELOW

We draw this statement of facts from the verified complaint and the declarations filed in the action.

Plaintiff Robert Morin entered into a written agreement with defendants Bert Rosenthal and Gregory Pyfrom forming a limited liability company (LLC) to manufacture and market a spark plug invented by Morin. Under the agreement Morin transferred his rights to the spark plug to the new company, Pyromor Systems. The agreement stipulated if the company was not manufacturing spark plugs at the rate of at least 500,000 a year by the end of the first year of the agreement Morin could elect to dissolve the company and all its assets including the rights to the spark plug would revert to Morin.[1]

The Pyromor members and their interests were: Robert Morin (32 2/3 percent), Gregory Pyfrom (32 2/3 percent), Bertram Rosenthal (32 2/3 percent) and Michael Kerekes (2 percent). The only person to contribute any cash to the enterprise was Kerekes who put up $25,000. Rosenthal was appointed manager of the enterprise. Morin alleges that without his knowledge Rosenthal and Pyfrom agreed Rosenthal would receive $10,000 a month for his services as manager and Pyfrom, an attorney, would receive a $50,000 retainer for legal services on behalf of the company.[2]

---

[1] Paragraph 9.1(d) of the LLC agreement states at Morin's election the company shall dissolve "in the event that the company is not producing spark plugs . . . at a rate of Five Hundred Thousand (500,000) units per year upon the first anniversary of the date of this agreement" and all "assets and liabilities of the company shall be distributed to Morin . . . ."

[2] The LLC agreement gave Rosenthal, as manager, the authority to "enter into . . . agreements and contracts of any kind or nature, including without limitation, agreements and contracts with any member."

Soon after the parties entered into the LLC agreement disputes arose among them over who was and who was not performing their obligations under the agreement. Pyromor, Rosenthal and Pyfrom sued Morin alleging breach of contract as well as various business torts and seeking a declaratory judgment Morin was not entitled to a return of his rights to the spark plug because he had failed to perform his duties under the agreement. Plaintiffs voluntarily dismissed this action but filed a similar action a few months later.

While this litigation was pending Rosenthal, as manager of Pyromor, filed for chapter 7 bankruptcy on the company's behalf. He and Pyfrom submitted creditors' claims in the sum of $210,000 based on their compensation agreements with the company. A company controlled by Rosenthal then bid $90,000 for the rights to the spark plug, the company's only asset.[3] The bid stipulated that upon its acceptance the claims of Rosenthal and Pyfrom "will be deemed satisfied and will be waived." The trustee agreed to accept the bid, there being no others, and with the court's permission sold the rights to the spark plug to Rosenthal. After the liquidation of Pyromor's assets, Rosenthal and Pyfrom dismissed their lawsuit against Morin.

Morin commenced the present action in the Los Angeles County Superior Court against Rosenthal and Pyfrom. The complaint alleges, among other things, breach of contract, breach of fiduciary duty, fraud, negligence, malicious prosecution and abuse of process.

Rosenthal and Pyfrom (hereafter defendants) removed the action to the bankruptcy court and timely filed special motions to strike the complaint as a SLAPP suit. The bankruptcy court remanded the action and denied the SLAPP motions without prejudice to refiling them in the superior court. More than 90 days elapsed, however, before defendants refiled the motions. In the interim defendants moved to transfer the case from the west district of the court to the central district. The court granted this motion. Defendants then moved to disqualify the central district judge assigned to the case. This motion too was granted.

Defendants refiled their SLAPP motions five days after the case finally found a home in a courtroom in the central district. Taking into account the unusual procedural history of the case, the trial court nevertheless determined the motions in the superior court were not timely filed and declined to exercise its discretion to permit late filings. The court awarded sanctions against defendants without specifying any grounds for its order.

---

[3] Morin alleges Pyromor voluntarily dismissed its superior court suit against him before or just after it filed for bankruptcy, which may explain why the suit was not treated as an asset by the trustee.

We conclude the trial court acted within its discretion in denying the SLAPP motions but erred in awarding sanctions against defendants without a written statement of the conduct or circumstances justifying the award.

## DISCUSSION

### I.   *THE TRIAL COURT ACTED WITHIN ITS DISCRETION IN DENYING THE SLAPP MOTIONS AS UNTIMELY.*

Code of Civil Procedure 425.16 has this to say about the timing of a SLAPP motion: "The special motion may be filed within 60 days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper. The motion shall be noticed for hearing not more than 30 days after service unless the docket conditions of the court require a later hearing."[4]

Morin filed his action in the superior court on March 25, 2002. Defendants removed the action to the bankruptcy court on April 26, 2002. They filed their SLAPP motions in the bankruptcy court on May 3, 2002.

It is undisputed the original SLAPP motions were filed in the bankruptcy court within the 60-day time period. The dispute is over whether the SLAPP motions were timely refiled in the superior court after remand.

The bankruptcy court remanded the action to the superior court on July 11, 2002. Morin gave notice of the remand to defendants on July 17, 2002. On July 18, 2002 defendants moved to transfer the case from the superior court's west district to its central district. The court granted this motion on September 18, 2002. On September 23, 2002 defendants filed an affidavit of prejudice against the central district judge assigned to the case. That judge ruled the challenge timely and ordered the action transferred to department one of the central district for reassignment. On October 16, 2002 the case was assigned to a new judge. Five days later, on October 22, 2002 defendants refiled their SLAPP motions. In support of the motions counsel for the Rosenthal defendants filed a declaration setting out the procedural history we have described above.

---

[4] Code of Civil Procedure section 425.16, subdivision (f). All future statutory references are to the Code of Civil Procedure unless otherwise stated.

After reviewing this procedural history the trial court ruled the refiled motions were not timely. The court concluded the time for filing the motions in the superior court was tolled while the action was pending in the bankruptcy court. The court also concluded the defendants should have filed their motions within 60 days from the date the action was remanded to the superior court but failed to do so. Defendants did not file until approximately six weeks after the 60-day period expired. In addition to this failure, the court pointed out defendants could have but didn't bring a motion requesting the court to exercise its discretion to permit a late filing of the motion. Treating oral argument on the SLAPP motions as a "belated request for extra time to file the motion" the court ruled the request "is not properly brought before the court." The court then went on to say: "Insofar as I can look at the merits of the arguments presented belatedly as an excuse for the late filing of the SLAPP motion, I find them unpersuasive." The court noted defendants could have filed the motions and set them for hearing in the master calendar department of the west district where the action was originally filed. The motions would then follow the case wherever it might be transferred. The date and department for the hearing on the motions could always be amended.

■ We agree with the trial court's decision the defendants were entitled to a new 60-day period after remand from the federal court in which to refile their SLAPP motions. We differ from the trial court only in our belief the 60-day period should run from the date the plaintiff gives the defendant notice of the remand, including extra time for mailing if the notice is mailed, rather than from the date of the remand itself. (In the present case the additional few days are not significant.) Courts occasionally have to massage statutory time limits for filings in order to accommodate unusual circumstances.[5] The trial court's ruling starting the 60-day period after remand from the federal court strikes us as a reasonable accommodation.

We disagree with defendants' contention the time in which to refile their SLAPP motions was tolled while their motion to transfer districts was pending. Defendants rely on *Pickwick Stages System v. Superior Court* which ordered the respondent court to set aside its decision overruling Pickwick's

---

[5] In cases involving prisoners, for example, the courts have held notices of appeal and complaints are deemed filed on the date they are properly delivered to the prison's mail service rather than on the date they are actually filed by the clerk of court. (*In re Jordan* (1992) 4 Cal.4th 116, 119 [13 Cal.Rptr.2d 878, 840 P.2d 983]; *Moore v. Twomey* (2004) 120 Cal.App.4th 910, 918 [16 Cal.Rptr.3d 163].)

demurrer to the complaint. The court held Pickwick's pending motion for a change of venue "operates as a supersedeas or stay of proceedings, and must be disposed of before any other steps can be taken."[6]

■ We find *Pickwick* distinguishable on several grounds. First, defendants in the present case did not move for a change of venue. They did not contend Morin filed his action in the wrong county, only that he filed it in the wrong district of the right county. Furthermore, *Pickwick* is not analogous to the present case because it did not address the question whether Pickwick's motion for change of venue tolled the time in which Pickwick was required to file a responsive pleading. The decision only held the trial court erred in ruling on Pickwick's demurrer while its motion for change of venue was pending. Finally, "it has been declared to be the policy of the law jealously to guard the right of the defendant to have a trial in the *county* where he resides."[7] The purposes of this rule are to protect defendants " ' "against local prejudices which sometimes exist in favor of litigants within a county as against those from without . . . ." ' " [Citation.][8] and from being put to practical disadvantages by the cost of travel to a distant county, the necessity of retaining unfamiliar counsel and the pressure to agree to an otherwise unreasonable settlement.[9] These concerns do not apply, at least with the same strength, to an action filed in the "wrong" district of the county's superior court.

■ Defendants also contend they could not file an effective notice of motion until the location of the court and name of the judge were determined. They rely on dictum in *Titmas v. Superior Court* which states "[f]ailure to specify a date and time (including a location) renders the notice ineffective."[10] The issue in *Titmas* was not whether the moving parties had given proper notice of the motion but whether they were entitled to oral argument on the motion.[11] Furthermore, the court's observation assumes the location is known to the moving party when it makes the motion. Rule 311(b) of the California Rules of Court states a notice of motion shall specify the location and the name of the hearing judge "*if ascertainable.*" (Italics added.) As the trial court in the present case noted, nothing in the Rules of Court prevented defendants from filing their SLAPP motions in the west district and setting them for hearing in the master calendar department of that court.

---

[6] *Pickwick Stages System v. Superior Court* (1934) 138 Cal.App. 448, 449 [32 P.2d 433]; and see *Walsh v. Superior Court* (1919) 44 Cal.App. 31 [185 P. 998].

[7] *Neet v. Holmes* (1942) 19 Cal.2d 605, 612 [122 P.2d 557], italics added.

[8] *San Francisco Foundation v. Superior Court* (1984) 37 Cal.3d 285, 296 [208 Cal.Rptr. 31, 690 P.2d 1].

[9] See *Barquis v. Merchants Collection Assn.* (1972) 7 Cal.3d 94, 105 [101 Cal.Rptr. 745].

[10] *Titmas v. Superior Court* (2001) 87 Cal.App.4th 738, 743 [104 Cal.Rptr.2d 803].

[11] *Titmas v. Superior Court, supra,* 87 Cal.App.4th at page 740.

We come now to the question whether the trial court abused its discretion in refusing to allow them to file their motions after the 60-day period expired. We conclude that even though we might have exercised the statutory discretion differently had it been ours, we cannot say the trial court's decision "exceeds the bounds of reason, all of the circumstances before it being considered."[12]

■ The overall purpose of the SLAPP statute is to provide defendants with a procedural remedy "which would allow *prompt* exposure and dismissal of SLAPP suits."[13] The 60-day period in which a defendant may file a SLAPP motion as a matter of right appears to be intended to permit the defendant to test the foundation of the plaintiff's action before having to "devote its time, energy and resources to combating" a "meritless" lawsuit.[14]

■ Here, instead of attempting to promptly expose and dismiss Morin's suit as a SLAPP, defendants chose to devote their time, energy and resources to moving the case from state court to federal court and, after remand from the federal court, moving the case from one branch of the superior court to another and then from one judge to another in the chosen branch. This procedural maneuvering consumed seven months or nearly one-third of the court's overall time goal for disposing of a civil case.[15]

Moreover, for reasons discussed above we agree with the trial court the defendant's attempt to analogize a transfer between districts of the same court to a change of venue is strained at best. But even if the analogy were close it would not benefit defendants in this case. As the trial court correctly pointed out, nothing prevented the defendants from timely *filing* their SLAPP motions even if the pendency of the transfer motion would have stayed the hearing on the motions.

We conclude, therefore, the trial court acted within its discretion in denying the SLAPP motions as untimely.

Defendants express concern filing the SLAPP motion in the current district and then holding it in abeyance until the motion to transfer districts is resolved could lead to the SLAPP motion being denied for failing to bring it to a hearing within 30 days after service on the plaintiff, as required by section 425.16, subdivision (f). We believe defendants' concern is unwarranted.

---

[12] *Denham v. Superior Court* (1970) 2 Cal.3d 557, 566 [86 Cal.Rptr. 65, 468 P.2d 193].

[13] *Wilcox v. Superior Court* (1994) 27 Cal.App.4th 809, 817 [33 Cal.Rptr.2d 446], italics added.

[14] *Wilcox v. Superior Court, supra,* 27 Cal.App.4th at page 816.

[15] California Standards of Judicial Administration, section 2.1(d).

Under the accommodation we have adopted to deal with remands from a federal court the defendant has 60 days to refile the SLAPP motion after notice of remand. If the defendant acts diligently 60 days normally should be enough time to resolve the motion to transfer districts and still file a timely SLAPP motion. If it is not, the defendant can ask for an extension of time to file the SLAPP motion under section 425.16, subdivision (f) or the defendant can file the motion in the current district and there would still be another 30 days after the motion is filed to resolve the transfer issue before the SLAPP motion has to be heard. If 90 days, or such additional time as the court may have granted, is still not enough time to resolve the transfer issue and have the SLAPP motion heard the defendant can reschedule the hearing under section 425.16, subdivision (f) on the ground "the docket conditions of the court require a later hearing"—the "docket condition" being the pendency of a decision on the transfer motion.

## II. THE ORDER AWARDING SANCTIONS IS REVERSED FOR FAILURE TO RECITE IN DETAIL THE CONDUCT OR CIRCUMSTANCES JUSTIFYING THE ORDER.

In denying defendants' SLAPP motions the trial court ordered "sanctions in the sum of $2400 against each of the moving parties[.]" This order is invalid because it fails to comply with the requirements of section 425.16, subdivision (c) which states: "If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to section 128.5."

An award of sanctions under the anti-SLAPP statute has two elements. First, the trial court must make a finding the SLAPP motion was frivolous or brought solely to delay the proceedings. Second, the court must follow the procedural requirements for a sanction order set out in section 128.5 which requires, among other things, the order "shall recite in detail the conduct or circumstances justifying the order."[16] Failure to satisfy both these elements renders the order invalid.[17]

In the present case the trial court did not make a finding the SLAPP motions were frivolous or brought solely for delay much less recite in detail the conduct or circumstances it believed justified imposing sanctions. The court merely stated it found the defendants' justification for their late filing

---

[16] Section 128.5, subdivision (c).

[17] *Decker v. U.D. Registry, Inc.* (2003) 105 Cal.App.4th 1382, 1391–1392 [129 Cal.Rptr.2d 892]; *Childs v. PaineWebber Incorporated* (1994) 29 Cal.App.4th 982, 996–997 [35 Cal.Rptr.2d 93].

"unpersuasive." "Such a summary order violates due process and precludes this court from determining whether the trial court abused its discretion in awarding sanctions" under sections 425.16 and 128.5[18]

Because we cannot say as a matter of law it would be an abuse of discretion to award sanctions in this case,[19] we will reverse the award and remand the cause to the trial court to either enter a new order in accordance with sections 425.16, subdivision (c) and 128.5, subdivision (c) or, in the alternative, deny sanctions.

## DISPOSITION

The portion of the order denying defendants' SLAPP motions is affirmed. The portion of the order awarding sanctions to plaintiff is reversed and the cause is remanded to the trial court with directions to either enter a new sanctions order in accordance with Code of Civil Procedure sections 425.16, subdivision (c) and 128.5, subdivision (c) or, in the alternative, deny sanctions. Plaintiff is awarded his costs on appeal.

Woods, J., and Zelon, J., concurred.

A petition for a rehearing was denied October 15, 2004, and the opinion was modified to read as printed above. Appellants' petition for review by the Supreme Court was denied December 15, 2004.

---

[18] *Childs v. PaineWebber Incorporated, supra,* 29 Cal.App.4th at page 997.
[19] Compare *Decker v. U.D. Registry, supra,* 105 Cal.App.4th at page 1392.