Filed 5/8/15  Jones, Bell, Abbott, Fleming & Fitzgerald v. Becerra CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| JONES, BELL, ABBOTT, FLEMING & FITZGERALD LLP, <br><br> Cross-Complainant and Respondent, <br><br> v. <br><br> JOSEPH BECERRA, <br><br> Cross-Defendant and Appellant. | B255418 <br><br> (Los Angeles County <br> Super. Ct. No. BC510333) |

APPEAL from orders of the Superior Court of Los Angeles County. Debre K. Weintraub, Judge.  Affirmed in part, reversed in part and remanded with directions.

Lancaster & Anastasia, William H. Lancaster and Damon C. Anastasia for Cross-Defendant and Appellant.

Gaglione, Dolan & Kaplan, Robert T. Dolan and Martina A. Silas for Cross-Complainant and Respondent.

_____

We affirm an order denying an anti-SLAPP motion. (Code Civ. Proc., § 425.16.)[1] We reverse an order and remand on the finding that the motion was frivolous.

## FACTS

Cross-defendant and appellant Joseph Becerra, a lawyer, left a partnership at a law firm, cross-complainant respondent Jones, Bell, Abbott, Fleming & Fitzgerald LLP (hereafter Jones or the Jones firm). Becerra subsequently filed a complaint for damages and an accounting against his former firm and its individual partners. Becerra's main claim is that the Jones firm owes him attorney's fees that it has received as a result of client development and legal work he did while affiliated with the firm. In a recent opinion, we addressed rulings on an anti-SLAPP motion by the Jones firm challenging two of Becerra's nine causes of action. (*Becerra v. Jones, Bell, Abbott, Fleming & Fitzgerald LLP* (Feb. 27, 2015, B251189 [nonpub. opn.].)

Jones filed a first amended cross-complaint (FACC) against Becerra in the action noted above. The FACC alleged eight causes of action against its former partner, listed respectively: breach of fiduciary duty; constructive trust over money received – unjust enrichment; conversion; money had and received; intentional interference with contractual relationship; violation of the Unfair Competition Law (Bus. & Prof. Code, § 17200); breach of contract; and quantum meruit. The main claim alleged in Jones's FACC is that Becerra owes his former firm attorney's fees that he received on cases sourced out of the firm. Jones alleges that when Becerra left the firm, he took several clients and their cases with him, and that he has now settled the cases and collected attorney's fees. Jones alleges it is owed attorney's fees collected and now held by Becerra reflective of legal work done by Jones on the cases before the clients left the firm.[2]

---

[1]     All further undesignated section references are to the Code of Civil Procedure.

[2]     Generally speaking, Becerra's complaint and Jones's cross-complaint are the flip sides of the same fee-fight coin.

Becerra filed an anti-SLAPP motion to strike Jones's FACC in its entirety. Without discriminating between Jones's respective causes of action, Becerra collectively argued that "[t]he 'activity' focused on in the FAAC . . . is conduct by Becerra . . . during or in connection with various judicial actions and in the course of his representation of clients." Becerra argued that "[s]uch . . . 'activity' manifestly is within the ambit of [the] anti-SLAPP statute . . . ." Further, Becerra argued that Jones "has no probability of success" on its FACC because (1) Becerra did not owe a fiduciary duty to the Jones firm/partnership; (2) "as a matter of law," Jones's claims "must be dismissed" because they "will require disclosure of attorney-client privileged communications;" and (3) "as a matter of law, there can be no fee splitting with Jones . . . without the approval of Becerra's clients."

The parties argued the merits of Becerra's anti-SLAPP motion to the trial court. The record on appeal does not include a reporter's transcript from the hearing. Thus, we do not know the content of the parties' arguments or the trial court's comments during the hearing. The court's minute order reflects the following:

> "The Court issues its oral tentative.
>
> "The Court, having read and considered all papers filed and heard argument, rules as follows:
>
> "[¶] . . . [¶]
>
> "The anti-slapp special motion to strike of Cross-Defendant Joseph R. Becerra is DENIED as to the first through sixth causes of action in the first amended cross-complaint.
>
> "The Court finds that the instant anti-slapp special motion to strike is frivolous and Cross-Complainant Jones . . . is entitled to recover its costs and reasonable attorney's fees pursuant to . . . section 425.16(c)(1). Cross-Complainant may file a separately-noticed motion for attorney's fees pursuant to . . . section 425.16(c)(1)."

Becerra filed a timely notice of appeal.

**DISCUSSION**

**I.      The Substantive Aspect of the Anti-SLAPP Motion Ruling**

Becerra contends the trial court erred in denying his anti-SLAPP motion to strike Jones's FACC in its entirety. We disagree.

The anti-SLAPP authorizes a two-step procedure for striking a cause of action at the earlier stages of litigation when it is established that the cause of action was filed to chill the movant's constitutional rights of free speech and or to petition the government. (§ 425.16, subds. (a) & (b).) In the first step, the court determines whether the movant has shown that a cause of action arises from so-called "protected activity," i.e., from an act in furtherance of the movant's constitutional right to petition or free speech as defined in the anti-SLAPP statute. (§ 426.16, subds. (b)(1) & (e).) The "principal thrust or gravamen" of a pleaded cause of action controls the reach of the anti-SLAPP statute, i.e., whether it's special striking procedure may be invoked at all against the cause of action. (See, e.g., *Martinez v. Metabolife Internat., Inc*. (2003) 113 Cal.App.4th 181, 188.) When, and only when, a court determines that the anti-SLAPP statute applies, the court then undertakes a second step analysis in which it examines the evidence to determine whether the pleader has demonstrated a probability of prevailing on his or her cause of action on the merits. (§ 425.16. subd. (b)(1); and see, e.g., *Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 820.)

An order granting or denying an anti-SLAPP motion is an appealable order under the statute (§ 425.15, subd. (i).) Such an order is reviewed under the de novo standard of review, meaning the appellate court works through the statute's two-step procedure in the same manner as the trial court. (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 325.)

We will not reverse the trial court's order denying Becerra's anti-SLAPP motion because we agree with the trial court that Becerra failed to establish that the anti-SLAPP motion applied to Jones's FACC. In other words, Becerra's anti-SLAPP motion failed at the first step examination of the motion's two-step procedure. The "principal thrust or gravamen" of the Jones firm's cross-complaint is the allegation that Becerra is currently holding money that rightfully belongs to the firm. Becerra's anti-SLAPP motion failed to

4

show that the Jones firm's cross-complaint has anything to do with "chilling" Becerra's constitutional rights of free speech and or to petition the government. Jones's cross-complaint shows that the parties are involved in a money dispute between lawyers. Perhaps had Becerra discretely attacked one or more of the cause of action in Jones's cross-complaint, he may have been able to make a focused showing that certain claims by the Jones firm implicate protected petitioning activity. This is what Jones did in its anti-SLAPP motion against two of the nine causes of action in Becerra's complaint. Instead, Becerra elected to level a broadside accusation that the whole of Jones's cross-complaint constituted an attack on the attorney-client relationship between Becerra and his clients. In so doing, he misstated the thrust or gravamen of Jones's cross-complaint, which, as we have noted, is basically a money dispute between lawyers. Because Becerra's showing failed to establish that the anti-SLAPP motion applied in the first step analysis of anti-SLAPP procedure, the trial court did not err in denying his motion. (See, e.g., *PrediWave Corp. v. Simpson Thacher & Bartlett LLP* (2009) 179 Cal.App.4th 1204, 1218 [a movant must establish both steps of the anti-SLAPP procedure to be granted its special striking relief].)

## II.     The Frivolous Motion Finding

Becerra contends the trial court's order finding that his anti-SLAPP motion was frivolous must be reversed. We agree, in part.

The anti-SLAPP statute is set-up so that a defendant[3] who successfully validates and protects his or her constitutional rights to free speech or to petition the government is entitled to an award of attorney's fees. (§ 425.16, subd. (c)(1).) Conversely, a defendant who files a losing anti-SLAPP motion is subject to liability for the opposing party's attorney's fees only in limited circumstances. Section 425.16, subdivision (c)(1), provides in pertinent part: "If the court finds that [an anti-SLAPP] special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award

---

[3]     Under the anti-SLAPP statute, a "defendant" includes a "cross-defendant" such as Becerra. (§ 425.16, subd. (h).) Where we hereafter use the term defendant, we mean a cross-defendant such as Becerra.

5

costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5."

In *Morin v. Rosenthal* (2004) 122 Cal.App.4th 673, the Court of Appeal explained that an award of attorney's fees against a losing defendant on an anti-SLAPP motion must include two elements: "First, the trial court must make a finding the SLAPP motion was frivolous or brought solely to delay the proceedings. Second, the court must follow the procedural requirements for a sanction order set out in section 128.5 which requires, among other things, the order 'shall recite in detail the conduct or circumstances justifying the order.' . . . Failure to satisfy both these elements renders the order invalid." (*Id.* at p. 682, fns. omitted.) The order must be in writing. (§ 128.5, subd. (c).)

Here, the trial court's order satisfies the first required element for an award of fees as it states the court's finding that Becerra's motion was "frivolous." However, the order does not recite the conduct or circumstances justifying the finding of frivolousness.

Jones's answer to the form of the trial court's order relies on our court's decision in *Foundation for Taxpayer & Consumer Rights v. Garamendi* (2005) 132 Cal.App.4th 1375 (*Garamendi*). In *Garamendi*, we explained that a trial court's order awarding attorney's fees against a losing defendant on an anti-SLAPP motion may employ language incorporating a tentative ruling and/or a parties' arguments and authorities to satisfy the recitation of reasons requirement for the order. (*Id.* at pp. 1388-1389.) However, *Garamendi*'s incorporation rule does not save the trial court's order in the present case. Here, the trial court's order merely states that the court "read and considered all papers filed and heard argument." The order does not use any incorporating language of Jones's arguments specifically. Further, it appears that, unlike in *Garamendi*, the trial court did not issue a written tentative. All elements considered, we are satisfied that the form of trial court's order here is not sufficient to support an attorney's fee award, as it now reads.

Becerra's opening brief on appeal includes extensive argument to explain why his anti-SLAPP motion should not be deemed frivolous. We find this argument premature at this point. Until the trial court drafts and enters an order explaining the bases for finding

6

frivolousness, we are unable to give meaningful appellate review to such bases. Where a statute requires an order to be accompanied by a statement of reasons, the purpose is generally to alert the trial court to evaluate the circumstances to determine whether to make an order one way or the other, and, second, to provide a record allowing meaningful appellate review. On remand, the court shall enter an order either articulating reasons for awarding attorney's fees against Becerra, or, if unable to articulate such reasons, denying such an award. (See *Morin v. Rosenthal*, *supra*, 122 Cal.App.4th at p. 683.)

## III. The Motion for Sanctions on Appeal

Jones filed a motion for sanctions against Becerra for pursuing a frivolous appeal. Inasmuch as we have ruled that the trial court's order awarding attorney's fees against Becerra's on his anti-SLAPP motion must be reversed for a purely procedural form reason, i.e., because Becerra has obtained *some* relief on appeal, this necessarily means it cannot be said that "no reasonable attorney could have thought [the appeal] meritorious." (See *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.) Accordingly, we deny Jones's motion for sanctions on appeal.

## DISPOSITION

The trial court's order denying Becerra's anti-SLAPP motion to strike Jones's FACC in its entirety is affirmed. The trial court's order finding Becerra's anti-SLAPP motion was frivolous and awarding attorney's fees against Becerra is reversed, and the matter is remanded to the court with directions to either enter a new order in accord with sections 426.16, subdivision (c), and section 128.5, subdivision (c), or, in the alternative, denying an award of attorney's fees against Becerra. Each party to bear its own costs on appeal.

BIGELOW, P.J.

We concur:


RUBIN, J.            FLIER, J.

7