Filed 7/19/22  Zielke v. Rosenstiel CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| GUNTER ZIELKE et al., | B298643 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. BC628570) |
| v. | |
| SCOTT ERIC ROSENSTIEL et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Gregory W. Alarcon, Judge.  Affirmed.

Law Office of Chad Thomas Pratt, Sr., Chad Thomas Pratt, Sr.; Chad T-W Pratt & Associates and Chad Thomas William Pratt, Sr. for Defendants and Appellants.

No appearance for Plaintiffs and Respondents.

_____

Scott Eric Rosenstiel appeals the May 14, 2019 order denying as untimely his special motion to strike the operative first amended complaint pursuant to Code of Civil Procedure section 425.16.[1]  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *The Complaint, First Amended Complaint, Notices of Removal to Federal Court and Remand Orders*

On July 28, 2016 Gunter Zielke and his wife, Prapapun Zielke, in their individual capacities and as trustees of the Federal Homeowners Relief Foundation, filed a lawsuit alleging causes of action for quiet title, breach of fiduciary duty, financial elder abuse, fraud and conspiracy to commit fraud.  The Zielkes named as defendants Rosenstiel, Marsha Stern in her individual capacity and as trustee of the Foundation, Randall Alan Alford and Andrew J. Stern.

On February 13, 2018 the Zielkes moved for leave to file a first amended complaint.[2]  In their motion the Zielkes stated they had voluntarily dismissed Andrew Stern, would dismiss Alford with their motion, and sought to add Kenneth Martin Adler as a defendant.  Attached to the Zielkes' motion was a proposed order stating their motion was granted and the proposed amended complaint was deemed filed.  Also attached was a proof of service reciting the Zielkes' motion and supporting declarations, proposed first amended complaint and proposed order had been

---

[1]     Statutory references are to this code unless otherwise stated.

[2]     We augment the record on our own motion to include the Zielkes' motion.  (Cal. Rules of Court, rule 8.155(a)(1)(A).)

2

served on Rosenstiel and Marsha Stern. Defendants filed oppositions to the Zielkes' motion.[3]

On March 16, 2018 the trial court issued a written order stating, "The [Zielkes'] motion is granted," and that the Zielkes "may serve and file the proposed First Amended Complaint within 10 days." The Zielkes filed a notice of ruling that, in part, stated the first amended complaint "was deemed filed on March 16, 2018." The record on appeal, including the register of actions, does not reflect that Rosenstiel or any other defendant objected to the Zielkes' notice of ruling.

On March 23, 2018 the Zielkes filed proofs of service stating Adler had been served on March 20, 2018 with the first amended complaint in his individual capacity and as the Foundation's trustee. On April 18, 2018 Adler filed in the superior court a notice of stay of proceedings that, in turn, attached a notice filed in federal district court that the case was being removed.

On September 10, 2018 the Zielkes filed in the superior court a proof of service stating Rosenstiel had been served on September 5, 2018 with the first amended complaint.

The Zielkes moved in federal court to remand the action. The remand motion was granted on September 13, 2018. In its order the federal court stated the Zielkes in 2018 filed their first amended complaint. Because, as the federal court explained, the Zielkes only sought to expunge various documents from the records of the Los Angeles County Recorder, remove all clouds on title, and obtain damages for alleged fraudulent and otherwise

---

[3] Defendants' oppositions to the Zielkes' motion were not included in the appellate record.

3

unlawful conduct in connection with the subject property, the first amended complaint raised no federal question. On September 19, 2018 the district court clerk's letter of transmittal—which attached a copy of the federal court's September 13, 2018 remand order, stated the case was "hereby remanded to your jurisdiction," and indicated copies of the letter were sent to the parties' counsel of record—was filed in superior court.

On January 30, 2019 Rosenstiel filed in the superior court a notice of stay of proceedings that attached a notice filed in federal court that he was removing the case to federal district court. Also on January 30, 2019, notwithstanding the notice of ruling stating the first amended complaint was deemed filed on March 16, 2018, the trial court entered an order directing the Zielkes to file the first amended complaint within 15 days.

On February 1, 2019 the Zielkes filed in the superior court the operative first amended complaint against Rosenstiel, Marsha Stern in her individual capacity and as trustee of the Foundation and Adler in his individual capacity and as trustee of the Foundation.

By order filed February 14, 2019 the district court granted the Zielkes' remand motion, finding the second removal was on the same grounds as had already been rejected and "there was no objectively reasonable basis for removal." Characterizing the second attempt at removal as "meritless" and "support[ing] a finding of bad faith," the district court also awarded the Zielkes their attorney fees and costs incurred as a result of the second removal. On February 20, 2019 the district court clerk's letter of transmittal—which attached a copy of the federal court's February 14, 2019 remand order, stated the case was "hereby

4

remanded to your jurisdiction," and indicated copies of the letter were sent to the parties' counsel of record—was received by, and filed in, superior court.

2. *The Special Motions To Strike*

On April 15, 2019 defense counsel filed a section 425.16 special motion to strike the first amended complaint on behalf of the defendants other than Rosenstiel.[4] The non-Rosenstiel defendants argued the special motion was timely because they had 60 days following the February 14, 2019 remand of the case from federal court to file the motion and April 15, 2019 was exactly 60 days from February 14, 2019.

The memorandum of points and authorities supporting the non-Rosenstiel defendants' special motion to strike was 14 pages long. It explained Rosenstiel was filing his own special motion to strike and stated, "[T]he other remaining Defendants hereby incorporate his antiSLAPP motion into this one, as if herein stated at length."

Rosenstiel also filed his section 425.16 special motion to strike the first amended complaint on April 15, 2019. The notice of motion, as well as the memorandum of points and authorities, stated Rosenstiel incorporated by reference the special motion to

---

[4] Although the non-Rosenstiel defendants' notice of motion stated, without providing further identification, that the "Defendants" moved to strike the first amended complaint, Rosenstiel was not among the defendants on whose behalf that motion was filed. As stated in the section of the settled statement (Judicial Council of California form APP-014) requesting information as to the reasons for the appeal, Rosenstiel "fil[ed] one anti[-]SLAPP Motion, while the remaining Defendants filed their own Motion."

5

strike filed by the non-Rosenstiel defendants that same day "as if herein stated at length." Other than that single sentence reference, Rosenstiel in his memorandum of points and authorities, which was 15 pages long, did not cite section 425.16, provide any legal discussion regarding special motions to strike or the requirements of that statute, or argue any cause of action in the first amended complaint arose from activity protected by section 425.16. Rather, arguing "[p]rong II" was satisfied, Rosenstiel addressed the reasons the Zielkes' action should be dismissed.

On May 3, 2019 the Zielkes filed their opposition to the special motions to strike.

3. *The Trial Court's Order Denying Rosenstiel's Special Motion To Strike*

The trial court issued a tentative ruling denying "[t]he motion," referring to the papers filed by the non-Rosenstiel defendants and Rosenstiel in the singular. Citing the California Rules of Court, rule 3.1113(d),[5] the court stated there was a 15-page limit for a memorandum of points and authorities in support of a special motion to strike. It determined the defendants "flagrantly violate[d] this rule by attempting to file a 29 page memorandum that is split in half between [Adler] and [Rosenstiel]"; Adler's memorandum, purporting to incorporate Rosenstiel's memorandum, "primarily argue[d] the first prong of an anti-SLAPP (protected activity)"; Rosenstiel, purporting to incorporate Adler's memorandum, "solely argue[d] the second prong of an anti-SLAPP (likelihood of success)"; and the result

---

[5] References to a rule or rules are to the California Rules of Court.

was they "jointly filed one motion that grossly exceeds the permissible page limits for a memorandum of points and authorities." Citing rules 3.1113(g) and 3.1300(d), the court concluded, "An excessively lengthy memorandum is treated in the same manner as a late-filed paper and the court, in its discretion, may refuse to consider it."

The trial court also explained a section 425.16 special motion to strike must be filed within 60 days after service of the complaint or amended complaint. Quoting *Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism* (2018) 4 Cal.5th 637, 645, it stated, "Defendant cannot use the fact that plaintiff filed an amended complaint to attack claims that appeared in a prior complaint because the anti-SLAPP statute 'is not a vehicle for a defendant to obtain a dismissal of claims in the middle of litigation; it is a procedural device to prevent costly, unmeritorious litigation at the initiation of the lawsuit.'"

Observing that, according to the proofs of service filed with the court, Adler had been served with the first amended complaint on March 20, 2018 and Rosenstiel on September 5, 2018 and that the defendants' special motion to strike was filed on April 15, 2019, "well past the 60-day period allotted under CCP § 425.16(f)," the trial court concluded the motion was "untimely and there [was] no good cause to permit its filing." The court determined the "attempt to argue that the 60-day period runs anew after an action is remanded from federal court" did not compel a contrary conclusion. It explained the special motion to strike was untimely because the matter was first removed to federal court on April 18, 2018 and remanded on September 19, 2018. Although there was a second removal attempt on January 30, 2019, the court further explained, that second

7

attempt was untimely, there was no viable removal petition before the federal court and the court thus had always retained jurisdiction. The tentative ruling did not address the merits of the defendants' motion(s).[6]

On May 14, 2019, after the hearing on the motion(s), the trial court determined the tentative ruling was to be its final order. That same day the court filed its order denying the special motion(s) to strike. Rosenstiel filed a timely notice of appeal.[7]

## DISCUSSION

1. *Governing Law and Standard of Review*

Section 425.16, commonly known as the anti-SLAPP statute, makes available a special motion to strike certain meritless claims early in the litigation: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless

---

[6] The trial court determined the special motion to strike as to Marsha Stern was void because of her death on April 2, 2018 and "may not be considered."

[7] Nearly two years after filing his notice of appeal Rosenstiel on May 17, 2021 moved to augment the record to include the reporter's transcripts of proceedings held on March 7, 2017 and March 8, 2017 in Los Angeles County Superior Court No. LS029090, which he asserts are relevant to the second step of the two-step section 425.16 analysis. The Zielkes, who otherwise have not participated in the appeal, opposed the motion to augment on several grounds, including that there was no showing the transcripts were provided to the trial court in support of the special motion(s) to strike. We deny the motion.

the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).) Section 425.16, subdivision (f), provides in part, "The special motion may be filed within 60 days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper." The Supreme Court has interpreted section 425.16, subdivision (f), "to permit an anti-SLAPP motion against an amended complaint if it could not have been brought earlier, but to prohibit belated motions that could have been brought earlier (subject to the trial court's discretion to permit a late motion)." (*Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism*, *supra*, 4 Cal.5th at p. 645; accord, *Starview Property, LLC v. Lee* (2019) 41 Cal.App.5th 203, 208-209.)

In ruling on a motion under section 425.16, the trial court engages in a now-familiar two-step process. "First, the defendant must establish that the challenged claim arises from activity protected by section 425.16. [Citation.] If the defendant makes the required showing, the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success." (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 384; accord, *Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1009.) "Only a cause of action that satisfies both prongs of the anti-SLAPP statute—i.e., that arises from protected speech or petitioning and lacks even minimal merit—is a SLAPP, subject to being stricken under the statute." (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 89, italics omitted; accord, *Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 820.) If the moving party fails to demonstrate that any of the challenged claims for relief arise from protected activity (the first step), the court properly denies

9

the motion to strike without addressing the probability of success (the second step).  (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 80-81; *Verceles v. Los Angeles Unified School Dist.* (2021) 63 Cal.App.5th 776, 784.)

Although a "'trial court's ruling on an application to file a late anti-SLAPP motion is reviewed for an abuse of discretion'" (*Hoang v. Tran* (2021) 60 Cal.App.5th 513, 526; see *Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism*, *supra*, 4 Cal.5th at p. 639), a trial court's determination whether the motion was untimely is "a question of law we review de novo" (*Starview Property, LLC v. Lee*, *supra*, 41 Cal.App.5th at p. 208).

### 2. *Rosensteil Failed To Establish the Trial Court Prejudicially Erred in Denying His Special Motion To Strike*

Rosenstiel contends the trial court erred in determining his section 425.16 special motion to strike was untimely. Specifically, relying on this court's opinion *Morin v. Rosenthal* (2004) 122 Cal.App.4th 673 (*Morin*), he argues the 60-day period to file the motion recommenced upon the February 14, 2019 remand from the federal court and his motion, filed April 15, 2019, was therefore timely.[8]

Rosenstiel's reliance on *Morin*, *supra*, 122 Cal.App.4th 673 is misplaced.  In that case, after the plaintiff filed his action in

---

[8]    Rosenstiel also asserts the superior court erred in determining it had retained jurisdiction pending the second attempt at removal to federal court, but insists whether or not the court was divested of jurisdiction was "entirely beside the point."  Although Rosenstiel has therefore forfeited the issue, his argument lacks merit in view of the federal court's finding the second removal attempt was duplicative of Adler's earlier attempt, lacked merit and had been made in bad faith.  (See

superior court, the defendants removed the action to a pending bankruptcy court proceeding involving the parties' company and filed timely section 425.16 special motions to strike the complaint in the bankruptcy court. The bankruptcy court denied the section 425.16 motions without prejudice to their being refiled in superior court and remanded the action. (*Morin*, at pp. 676-677.) More than 90 days later the defendants refiled their special motions to strike. (*Id*. at p. 677.) The trial court denied the motions as untimely, concluding the defendants had 60 days from the date of remand to refile their motions but had failed to do so. Explaining "[c]ourts occasionally have to massage statutory time limits for filings in order to accommodate unusual circumstances" (*id*. at p. 679), we agreed the defendants were entitled to a new 60-day period after remand in which to refile their special motions to strike and held the trial court had not abused its discretion in refusing to hear the motions filed after more than 60 days had elapsed.[9] (*Id*. at pp. 678-679.)

*Morin* created a special rule to accommodate the unusual circumstances that case presented. Its holding a timely special motion to strike filed in federal court and denied without prejudice to refiling in superior court may be refiled within

---

generally *ClipperJet Inc. v. Tyson* (2019) 38 Cal.App.5th 521, 529 ["the second removal was both frivolous and duplicative, and for that reason the court retained jurisdiction to rule on defendant's untimely motion to strike"].)

[9]     We clarified the period to refile the special motions to strike ran from the date of notice of the remand, including additional time for mailing if the notice was mailed, rather than the remand date as the trial court had ruled. (*Morin, supra,* 122 Cal.App.4th at p. 679.)

60 days of remand does not assist Rosenstiel, who filed no such motion in federal court and who attempted to belatedly file his special motion to strike, not to refile one that had been expressly denied without prejudice to refiling.

As discussed, Rosenstiel's motion was filed on April 15, 2019, more than seven months after the September 5, 2018 date he was served with the first amended complaint and more than six months after the matter was first remanded in September 2018 following Adler's April 2018 removal of the case to federal court. Although there was a second removal attempt, this time by Rosenstiel, on January 30, 2019, neither *Morin*, *supra*, 122 Cal.App.4th 673 nor any other case of which we are aware holds, once the 60-day period to file a special motion to strike has elapsed, the subsequent removal and remand of the case starts a new 60-day period.

Implicitly acknowledging he is not entitled to a new 60-day period after remand if the time to file the special motion to strike had already expired before removal, Rosenstiel contends his motion was nevertheless timely because the first amended complaint was not actually filed until February 1, 2019 and, although he was served with the first amended complaint on September 5, 2018, there could be no valid service of the pleading prior to its filing. Accordingly, Rosenstiel's reasoning continues, his time to file the special motion to strike (which ordinarily would otherwise run from service of the relevant pleading) had not yet expired before the second removal on January 30, 2019, and under *Morin* his 60-day period to file the motion thus began with the February 14, 2019 remand.

The appellate record, however, does not show Rosenstiel, in arguing his motion was timely filed, either questioned

12

September 5, 2018 as the date he was served with the first amended complaint or challenged the validity of the service. This failure is significant. The Zielkes' March 16, 2018 motion for leave to file the first amended complaint stated the proposed first amended complaint had been filed concurrently with that motion, and their notice of ruling following the court order granting their motion stated the first amended complaint was deemed filed on March 16, 2018. (Cf. *Hinds v. Superior Court of Los Angeles County* (1924) 65 Cal.App. 223, 226 [service of the proposed amended complaint at the time of giving notice of an application to the court for permission to file the amended complaint constitutes sufficient service on a defendant whose counsel was present at the hearing].) Nonetheless, on January 30, 2019 the court entered an order directing the Zielkes to file the first amended complaint within 15 days. Because Rosenstiel did not raise any issue regarding the effectiveness of the September 5, 2018 service in connection with his special motion to strike, the trial court was deprived of an opportunity to address this apparent inconsistency in ruling on that motion and to clarify when the first amended complaint was properly considered filed. Accordingly, the issue has been forfeited. (See, e.g., *People v. Seumanu* (2015) 61 Cal.4th 1293, 1318-1319 [failure to raise argument in trial court results in forfeiture on appeal]; *Kaufman & Broad Communities, Inc. v. Performance Plastering, Inc.* (2006) 136 Cal.App.4th 212, 226 ["CalFarm failed to raise this argument in the trial court and thus forfeits that argument here"].)

In sum, accepting September 5, 2018 as the effective date of service of the first amended complaint, even were we to exclude the time during which the original removed case was pending in federal district court, the time for Rosenstiel to file his special

13

motion to strike had expired long before the second removal on January 30, 2019. The trial court did not err in ruling the motion was not timely filed.[10]

## DISPOSITION

The trial court's May 14, 2019 order denying Rosenstiel's special motion to strike is affirmed. The parties are to bear their own costs on appeal.

PERLUSS, P. J.

We concur:

SEGAL, J.

FEUER, J.

---

[10] Insisting his motion was timely, Rosenstiel did not ask for permission to file a late motion and does not argue on appeal the trial court's failure to allow a late-filed motion was an abuse of discretion.

14