Filed 7/2/25  Szeto v. Chen CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| GENE SZETO,<br><br>    Plaintiff, Cross-defendant, and Appellant;<br><br>SHUN C. CHEN,<br><br>    Objector and Appellant,<br><br>       v.<br><br>SUNG YI,<br><br>    Defendant, Cross-Complainant, and Respondent. | G064497<br><br>(Super. Ct. No. 30-2019-01087212)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Gassia Apkarian, Judge. Reversed and remanded with directions.

Law Offices of Shun C. Chen and Shun C. Chen for Plaintiff, Cross-defendant, and Appellant Gene Szeto and for Objector and Appellant Shun C. Chen.

No appearance for Defendant, Cross-complainant, and Respondent Sung Yi.

Plaintiff Gene Szeto filed an unsuccessful anti-SLAPP motion to strike defendant Sung Yi's cross-complaint for declaratory relief. The trial court found the motion was frivolous and awarded Yi $24,880 in attorney fees. (Code Civ. Proc.,[1] § 425.16, subd. (c).) Szeto appeals from that fee award.

We reject the majority of Szeto's challenges to the trial court's fee order. Because the order failed to recite the conduct justifying the fee award, however, we reverse and remand so that the court may either specify the reasons for the award or deny sanctions.

FACTS[2]

In 2019, Szeto obtained a judgment against Steve Yuk Woo in San Bernardino Superior Court. Unable to collect from Woo, Szeto filed this lawsuit against Woo, Yi, and others in attempt to set aside certain property transfers from Woo to Yi and from Yi to others.

Yi filed a cross-complaint against Szeto, asserting a single cause of action for declaratory relief. Citing the parties' disagreement about who must pay Szeto's judgment against Woo in the San Bernardino case, Yi sought a declaration that he has no obligations to Szeto arising from the disputed property transfers.

Szeto moved to strike Yi's cross-complaint, asserting it arose from protected activity (Szeto's filing of the first amended complaint) and has no merit. The trial court denied the motion, finding the challenged claim for declaratory relief was not based on Szeto's filing of the first amended

---

[1] All further statutory references are to this code.

[2] A more thorough recitation of the facts can be found in our unpublished opinion in *Szeto v. EQD, LLC* (G063969), in which we affirm the trial court's order denying Szeto's motion to strike Yi's cross-complaint.

2

complaint, but rather from the parties' underlying dispute, and thus does not arise from protected activity. Szeto filed a notice of appeal from that order.

Meanwhile, Yi filed a motion for attorney fees on the grounds that Szeto's anti-SLAPP's motion was frivolous, seeking $54,975. While that motion was pending, the trial court observed during a case management conference that the entire case was stayed in light of Szeto's appeal. When the time came for Szeto to oppose Yi's fee motion, Szeto filed a notice of stay in lieu of opposition. At the hearing on the fee motion, the court observed it still had jurisdiction to consider the fee motion notwithstanding the pending appeal, and thoughtfully continued the hearing so Szeto could submit a substantive opposition.

After the continued hearing, the trial court granted Yi's fee motion. It found Szeto's anti-SLAPP motion was frivolous, a fee award was mandatory, but Yi's request for $54,975 in fees was excessive. It therefore ordered Szeto and his attorney to pay Yi $24,880. Szeto appeals from that order.

## DISCUSSION

If a trial court finds an anti-SLAPP motion is frivolous or solely intended to cause unnecessary delay, the court "shall award costs and reasonable attorney's fees . . . pursuant to Section 128.5" to the plaintiff or cross-complainant who defeats the motion. (§ 425.16, subd. (c)(1).) "'Frivolous in this context means that any reasonable attorney would agree the motion was totally devoid of merit.'" (*L.A. Taxi Cooperative, Inc. v. The Independent Taxi Owners Assn. of Los Angeles* (2015) 239 Cal.App.4th 918, 932.) We review an award of attorney fees under sections 425.16 and 128.5 for abuse of discretion, but we review questions of law de novo. (*City of Rocklin v. Legacy Family Adventures-Rocklin, LLC* (2022) 86 Cal.App.5th 713, 727.)

Szeto challenges the trial court's fee order on several grounds. The first three are meritless.

First, the trial court properly heard the fee motion despite the pending appeal. An anti-SLAPP appeal does "not divest the trial court of jurisdiction to consider [a] motion for attorney fees and costs." (*Carpenter v. Jack in the Box Corp*. (2007) 151 Cal.App.4th 454, 461.)

Second, the trial court had discretion to impose attorney fees against Szeto's counsel personally. When defense counsel file sanctionable anti-SLAPP motions, prevailing plaintiffs recover those fees "pursuant to Section 128.5." (§ 425.16, subd. (c)(1).) "Attorney fees under section 128.5 may be assessed against a party, the party's attorney, or both." (*Moore v. Shaw* (2004) 116 Cal.App.4th 182, 199; accord *Personal Court Reporters, Inc. v. Rand* (2012) 205 Cal.App.4th 182, 193–194 [affirming anti-SLAPP fee award against "[d]efendants and their counsel"]; *Moore v. Kaufman* (2010) 189 Cal.App.4th 604, 615 (*Moore*) [attorney fees can be imposed against counsel "as sanctions"].)[3]

This reasoning applies equally to counsel for cross-complainants like Szeto who file frivolous anti-SLAPP motions. Thus, the court permissibly imposed attorney fees against Szeto and his attorney "jointly and severally."

Third, the trial court did not award an unreasonable amount of fees. To the contrary, the court reasoned that the total amount sought ($54,975) was excessive, much of the work performed by the partner could

---

[3] The anti-SLAPP statute's asymmetry explains why *Moore* disallowed an attorney fee award against plaintiff's counsel. "Fee awards against attorneys are . . . generally not allowed under routine fee-shifting provisions like the one in section 425.16" that authorizes attorney fees to all prevailing defendants. (*Moore, supra,* 189 Cal.App.4th at p. 615.)

4

have instead been performed by his associate, and the heavy invoice redactions prevented it from determining whether all the time entries were reasonable. The court therefore significantly cut the partner's time and awarded Yi $24,880—less than half of his claimed fees. "'The "experienced trial judge is the best judge of the value of professional services rendered in [her] court, and [her judgment] will not be disturbed unless the appellate court is convinced that it is clearly wrong."'" (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095.)

On the other hand, Szeto correctly notes the trial court failed to provide specific findings of fact supporting the sanctions award. "[B]y authorizing an award of attorney fees and costs pursuant to section 128.5, section 425.16, subdivision (c)(1) 'incorporates the substantive and procedural requirements of section 128.5.' [Citations.] Therefore, the court was required to specify in its written order the reasons for the award of attorney fees. Because the order contained no justification for the fees, it 'must be reversed with directions to either specify the reasons for the award or deny sanctions.'"[4] (*Nunez v. Pennisi* (2015) 241 Cal.App.4th 861, 879–880.)

## DISPOSITION

The order is reversed. On remand, the trial court is directed to either enter a new sanctions order in accordance with sections 425.16, subdivision (c), and 128.5, subdivision (c), or in the alternative, deny

---

[4] We do not reach Szeto's claim the motion was not frivolous because the trial court has not yet explained its findings. (*Morin v. Rosenthal* (2004) 122 Cal.App.4th 673, 683.)

5

sanctions. In the interests of justice, neither party shall recover costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)


SCOTT, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


DELANEY, J.