Filed 7/31/25  Su v. AHMC San Gabriel Valley Medical Center CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| HUI SU et al., | B332712 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. 22STCV06760) |
| v. | |
| AHMC SAN GABRIEL VALLEY MEDICAL CENTER, LP, et al., | |
| Defendants and Respondents. | |

Appeal from an order of the Superior Court of Los Angeles County, Michael C. Small, Judge.  Affirmed.

Tamer Law Corp. and Steven Michael Tamer for Plaintiffs and Appellants.

Cole Pedroza LLP, Kenneth R. Pedroza, Alysia B. Carroll; Reback, McAndrews & Blessey, Raymond L. Blessey and Tracy D. Hughes for Defendant and Respondent AHMC San Gabriel Valley Medical Center, LP.

Lewis Brisbois Bisgaard & Smith, Jeffry A. Miller and Judith M. Tishkoff for Defendant and Respondent Tag 2 Medical Investment Group LLC.

─────────────────────────

In 2022, Hui Su and Wei Su (the Su appellants[1]) filed a medical malpractice action against AHMC San Gabriel Valley Medical Center dba San Gabriel Valley Medical Center (AHMC) and Tag 2 Medical Investment Group LLC dba Sunny View Care Center (Sunny View).

Based on the Su appellants' litigation conduct, the trial court designated them vexatious litigants and ordered them to post $25,000 in security to proceed with the case. When they failed to do so, the court dismissed their action without prejudice.

Still refusing to furnish the required $25,000, the Su appellants moved to vacate the dismissal. The court denied the motion and sanctioned the Su appellants $2,460 for the frivolous filing. The Su appellants then filed a motion to vacate the sanctions order, which the court denied.

On appeal, the Su appellants ask us to reverse the court's order denying their motion to vacate the sanctions award. They argue the court abused its discretion in denying the motion because the court erred in designating them vexatious litigants, and the sanctions order hinges on that erroneous designation.

─────────────────────────

[1] Although appellants' opening brief identifies Hui Su as the sole appellant, the notice of appeal identifies both Hui Su and Wei Su as the appellants here. Appellants' counsel confirmed at oral argument that the omission of Wei Su from the brief was an error. We therefore treat the brief as setting forth the arguments of both appellants.

We conclude, however, the Su appellants fail to demonstrate the court erred in making the vexatious litigant designation, or, by extension, in denying the motion to vacate the sanctions award. We therefore affirm.

**FACTUAL SUMMARY AND PROCEDURAL HISTORY[2]**

In 2017, Zhijun Li, the mother of the Su appellants, allegedly suffered a stroke at Sunny View, following hip surgery at AHMC. In early 2018, Li filed an action against AHMC and Sunny View alleging medical negligence and elder abuse. After Li died in September 2018, the Su appellants, represented by counsel, pursued the action in her stead. In October 2020, the parties filed a stipulation striking the causes of action for elder abuse, leaving only the claims for medical negligence.

On March 19, 2021, the trial court granted AHMC's motion for summary judgment, concluding "no triable issue of fact exists as to [AHMC's] compliance with the standard of care and causation in regards to the care and treatment of decedent . . . Li." On March 22, 2021, the court entered judgment in favor of AHMC. The court later granted Sunny View's separate motion for summary judgment and, on September 10, 2021, entered judgment against the Su appellants and in favor of Sunny View.

On October 1, 2021, the Su appellants—now representing themselves—filed a "motion to petition for the extension for seeking a medical expert witness for plaintiff's lawsuits." The motion requested that, notwithstanding the March and September 2021 judgments, the court grant the Su appellants an "extension" to

---

[2] We summarize here only the facts and procedural history relevant to our resolution of this appeal.

allow them to retain an expert witness in support of their claims against AHMC and Sunny View.

On October 26, 2021 (three days before the October 29, 2021 hearing on their October 1 motion for an extension), the Su appellants filed a second motion, titled "motion to petition the court to set aside the two judgments respectively in favor of the defendants . . . in order to find medical expert witness."

At the October 29, 2021 hearing on their first (October 1) motion, the court denied the Su appellants' request for an extension, explaining:

"This court previously informed [the Su appellants] on the last hearing date of [October 14, 2021], time was then running, and time is still running on whatever remedies [the Su appellants] may have relating to judgment[s] that have been entered against them. [The Su appellants were] also informed as . . . self-represented litigant[s], that they must be familiar with law and procedure. The court urged [the Su appellants], and now [does so] again, to consult with a lawyer or legal clinic so they can understand law and procedure. The law does not allow the court to treat [the Su appellants] any differently because they don't have a lawyer at this time, and won't treat them any better or worse because they are self-represented litigants. [¶] . . . [¶] The motion before the court today is not based on statutory or case law authority . . . [and] must therefore be denied." (Capitalization omitted.)

Then, on November 8, 2021—with the October 26 motion to set aside the judgments still pending—the Su appellants filed a third motion, titled "motion for leave for court's reconsideration on the plaintiff's petition for an extension period to find a competent expert witness." (Boldface & capitalization omitted.)

4

On November 19, 2021, the court denied the second (October 26) motion, noting it "previously commented extensively and will repeat now, there is no legal basis for this motion" (capitalization omitted).  And the court admonished the Su appellants that their "continued filing of motions in this court neither timely under the law nor supported by law or evidence could result in [them] having to pay [AHMC and Sunny View] for attorney fees."  (Capitalization omitted.)

Finally, on December 3, 2021, the court denied the Su appellants' third (November 8) motion.

In February 2022, the Su appellants filed a second action—the case giving rise to this appeal—asserting claims for medical negligence, fraud, and elder abuse against AHMC and Sunny View. The complaint also asserted a cause of action for medical battery against AHMC.  The complaint pleaded largely the same facts alleged in the prior, adjudicated case concerning AHMC and Sunny View's care of decedent Li in 2017.  The complaint also included some new allegations, including that medical personnel at AHMC and Sunny View made fraudulent entries and omissions in preparing Li's medical charts.  The Su appellants represented themselves in the action.

In response to the February 2022 complaint, AHMC filed a motion requesting that the court designate the Su appellants vexatious litigants and order them to furnish $25,000 in security as a condition of pursuing their claims.  On July 18, 2022, the court granted AHMC's motion, reasoning:

"In the prior [2018] action, [the Su appellants] filed three motions to relitigate the court's granting of [AHMC's] unopposed summary judgment motion . . . in a two-month period.  [The Su appellants] thereafter filed another complaint (this action) alleging

5

the same claims, controversies, and causes of action which were finally determined against them in the prior action."

The court designated the Su appellants vexatious litigants under Code of Civil Procedure[3] section 391, subdivisions (b)(2) and (3),[4] and ordered them "to post security in the amount of $25,000 within 30 days." The court's order advised that the litigation would be dismissed absent timely posting of the security.

The Su appellants failed to post the required $25,000 within the 30-day period, and on September 28, 2022, the court therefore dismissed the action without prejudice. Then—still without furnishing the requisite security—the Su appellants filed a motion to vacate the order dismissing their action. The court denied the motion.

Arguing the motion to vacate was frivolous, AHMC filed a request for sanctions against the Su appellants. On June 28, 2023, the court granted the request and awarded $2,460 in sanctions to AHMC. The Su appellants moved to vacate the sanctions order. On August 31, 2023, the court denied the motion to vacate.

The Su appellants filed a timely notice of appeal from the order denying the motion to vacate the sanctions order.

---

[3] Subsequent statutory references are to the Code of Civil Procedure.

[4] These subdivisions provide that the definition of "vexatious litigant" includes an individual who (1) "[a]fter a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, . . . any of the issues of fact or law . . . determined . . . by the final determination" (§ 391, subd. (b)(2)), and (2) "[i]n any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, . . . or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." (§ 391, subd. (b)(3).)

## DISCUSSION

### A. *Appealability*

In their opening brief,[5] the Su appellants are inconsistent in identifying the order they seek to challenge on appeal. They sometimes refer to the July 28, 2023 order imposing $2,460 in sanctions as the relevant order. At other times, they characterize their appeal as challenging the August 31, 2023 order denying their motion to vacate the sanctions award.

The notice of appeal, however, identifies the challenged order as an "order denying motion to vacate" issued on September 5, 2023. (Capitalization omitted.) Although the record contains no order dated September 5, 2023, it does include a September 5, 2023 notice of ruling, attached to which is a copy of the August 31, 2023 order denying the motion to vacate. We therefore conclude the challenged order for purposes of this appeal is the August 31, 2023 order denying the motion to vacate the $2,460 sanctions award.

Next, we turn to the respondents' threshold argument that the August 31, 2023 order the Su appellants challenge here is not appealable.

"[T]he right to appeal is wholly statutory. [Citation.]" (*City of Santa Cruz v. Patel* (2007) 155 Cal.App.4th 234, 240.) "[A]ppeals in civil matters from the superior court are limited to the judgments and orders enumerated in section 904.1." (*Steen v. Fremont Cemetery Corp.* (1992) 9 Cal.App.4th 1221, 1226.) Section 904.1 does not expressly authorize an appeal from an order denying a motion to vacate a sanctions award. (See § 904.1.) The section does, however, permit appeals "[f]rom an order made after [an appealable] judgment." (§ 904.1, subd. (a)(2).) The Su appellants

---

[5] The Su appellants did not file a reply brief on appeal.

7

contend the August 31, 2023 order is appealable as an order after judgment.  (See also *In re Marriage of Rifkin & Carty* (2015) 234 Cal.App.4th 1339, 1347 [noting where a vexatious litigant "fails to furnish [required] security, an appeal lies from the subsequent order or judgment of dismissal that follows"].)

AHMC urges the court's September 28, 2022 order dismissing the Su appellants' claims *without prejudice* for failure to post the requisite $25,000 security does not constitute a final, appealable judgment.  (Cf. *In re Tomi C.* (1990) 218 Cal.App.3d 694, 697–698 ["[because] the dismissal was without prejudice, the court's order of dismissal was not a final judgment or determination," italics omitted].)  It appears, however, the applicable statutes of limitations likely bar the Su appellants from refiling their claims.  (See § 340.5 [one-year statute of limitations for medical negligence following discovery of injury]; § 338, subd. (d) [three-year statute of limitations for fraud]; *Benun v. Superior Court* (2004) 123 Cal.App.4th 113, 125–126 [two-year statute of limitations for elder abuse]; *Daley v. Regents of University of California* (2019) 39 Cal.App.5th 595, 602–603 [two-year statute of limitations for medical battery].)

We therefore conclude the court's September 28, 2022 order dismissing the action constitutes a final judgment for purposes of appeal, and the Su appellants may appeal the August 31, 2023 order as an order after judgment.  (Cf. *Shehyn v. Ventura County Public Works Agency* (2025) 108 Cal.App.5th 1254, 1258 [a party's voluntary dismissal of claims without prejudice creates a judgment sufficiently final for purposes of appeal, where "[t]he record contains no evidence the parties preserved the dismissed claims for future litigation by way of a tolling agreement or statute of limitations waiver"].)

8

Accordingly, we proceed to consider the merits of the Su appellants' challenge to the August 31, 2023 order.[6]

### B. *The Su Appellants Fail To Demonstrate the Trial Court Abused Its Discretion in Denying the Motion To Vacate the Sanctions Order*

The Su appellants contend the court abused its discretion in denying their motion to vacate the sanctions order. (See *Cradduck v. Hilton Domestic Operating Company, Inc.* (2025) 112 Cal.App.5th 284, 284 [appellate court reviews an order denying a motion to vacate for abuse of discretion].) They argue (1) the court imposed sanctions only because it designated the Su appellants vexatious litigants, (2) that designation was "legally incorrect," and (3) the court therefore erred in denying the motion to vacate the sanctions order. (Boldface & capitalization omitted.) We disagree.

Preliminarily, we note the Su appellants filed a separate appeal of the court's March 17, 2023 denial of their motion to vacate dismissal of their action—a motion that challenged the vexatious litigant designation. (See *Su v. San Gabriel Valley Medical Center* (July 18, 2023, B329263).) That appeal, however, was dismissed due to the Su appellants' failure to file a civil case information statement, as required by California Rules of Court, rule 8.100(g). The Su appellants' attempt in this appeal to relitigate the vexatious litigant ruling therefore is inappropriate.

Further, the Su appellants' challenge to the vexatious litigant designation fails on the merits. "To be declared a vexatious litigant, the plaintiff must come within one of the definitions in

---

[6] In addition, we note section 904.1, subdivision (b) vests us with the discretion to treat a challenge to an otherwise nonappealable sanctions order as a petition for writ of mandate. (§ 904.1, subd. (b).)

9

section 391, subdivision (b)." (*Goodrich v. Sierra Vista Regional Medical Center* (2016) 246 Cal.App.4th 1260, 1265.) The court here designated the Su appellants vexatious litigants pursuant to section 391, subdivisions (b)(2) and (3), which include in the definition of "vexatious litigant" individuals who repeatedly attempt to relitigate adjudicated issues of fact or law (§ 391, subd. (b)(2)), or who repeatedly file frivolous motions (§ 391, subd (b)(3)). And the record supports the Su appellants meet these definitions: They filed three frivolous motions in the 2018 action, and they improperly sought to relitigate issues determined in the 2018 action by filing the 2022 action.

None of the Su appellants' arguments persuades us otherwise. First, they contend the trial court in the 2018 action invited the frivolous filings by advising the Su appellants "time was . . . running . . . on whatever remedies [they] may have." Read in context, however, it is clear the comments were intended to *discourage* further frivolous filings by spurring the Su appellants to consult with competent legal counsel.

Second, the Su appellants argue they do not meet the definition of "vexatious litigant" set forth in subdivision (b)(1) of section 391 because they have not "filed five pro se lawsuits within seven years." This argument is inapposite, however, because the trial court did not rely on subdivision (b)(1) in making the vexatious litigant designation.

Third, the Su appellants contend that, contrary to the court's finding, they did not "sue[ ] the same defendants for the same alleged wrongs after losing" because the 2022 action contains claims and allegations not included in the 2018 action. Both cases, however, allege AHMC and Sunny View acted negligently in treating decedent Li for a hip fracture and stroke in 2017. The 2022 action thus seeks to relitigate an issue determined in the 2018

action, and the inclusion of new allegations in the 2022 action does not change this fact.

Fourth, and finally, the Su appellants argue that, pursuant to *Childs v. PaineWebber Incorporated* (1994) 29 Cal.App.4th 982 (*Childs*), the pendency of the instant appeal means they are not yet vexatious litigants under the law. *Childs*, however, does not hold that a vexatious litigant designation lacks effect until it has been affirmed on appeal. In *Childs*, the trial court designated the plaintiff a vexatious litigant pursuant to section 391, subdivision (b)(2) based on its finding she was seeking to relitigate issues that had been "finally determined" against her in prior litigations. (See *Childs*, *supra*, 29 Cal.App.4th at p. 987.) The appellate court reversed the designation because the appeals in the prior litigations had not concluded, and the issues plaintiff sought to raise therefore had not been finally determined against her. (*Id.* at p. 993.) Here, in contrast, the Su appellants do not contend the prior 2018 action disposing of their medical negligence allegations still is pending on appeal or otherwise is not yet final.

The Su appellants therefore have failed to demonstrate the trial court erred in making the vexatious litigant designation or in denying their motion to vacate the sanctions order.

Accordingly, we affirm.[7]

---

[7] In light of our conclusion, we need not address AHMC's argument that the Su appellants' opening brief is procedurally defective. Nor do we address AHMC's various arguments refuting claims the Su appellants raised before the trial court, but abandoned on appeal.

We, however, grant AHMC's request to strike the 33-page declaration of Hui Su appended to the Su appellants' opening brief. That declaration postdates the order challenged on appeal and therefore is not within the scope of our review. (See *In re Zeth S.*

11

## DISPOSITION

The August 31, 2023 order denying appellants' motion to vacate the sanctions award is affirmed.  Respondents are awarded their costs on appeal.

NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur:

WEINGART, J.

M. KIM, J.

---

(2003) 31 Cal.4th 396, 405 ["[i]t has long been the general rule and understanding that 'an appeal reviews the correctness of a judgment as of the time of its rendition, upon a record of matters which were before the trial court for its consideration' "].)