Filed 9/22/25  Su v. AHMC San Gabriel Valley Medical Center CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| HUI SU et al.,<br><br>        Plaintiffs and Appellants,<br><br>        v.<br><br>AHMC SAN GABRIEL VALLEY MEDICAL CENTER, LP, et al.,<br><br>        Defendants and Respondents. | B335825<br><br>(Los Angeles County Super. Ct. No. 22STCV06760) |

        Appeal from an order of the Superior Court of Los Angeles County, Michael C. Small, Judge.  Affirmed.

        Tamer Law Corp. and Steven Michael Tamer for Plaintiffs and Appellants.

        Cole Pedroza LLP, Kenneth R. Pedroza, Alysia B. Carroll; Reback, McAndrews & Blessey, Raymond L. Blessey and Tracy D. Hughes for Defendant and Respondent AHMC San Gabriel Valley Medical Center, LP.

Lewis Brisbois Bisgaard & Smith, Jeffry A. Miller, Daniel R. Velladao and Judith M. Tishkoff for Defendant and Respondent Tag 2 Medical Investment Group LLC.

—————————————

We decide this appeal by memorandum disposition.[1]  (See Cal. Stds. Jud. Admin., § 8.1.)

Declared vexatious litigants Hui Su and Wei Su (the Su appellants[2]) ask us to reverse the trial court's December 7, 2023 order prohibiting them from (1) filing any further law and motion in the action giving rise to this appeal without prior approval, and (2) filing any new litigation in a California court without first obtaining leave of that court, pursuant to Code of Civil Procedure[3] section 391.7.  (See § 391.7.)  The Su appellants contend such prefiling restrictions may be imposed only on declared vexatious litigants, and that the court erred by designating them vexatious litigants in a prior, July 18, 2022 order.

We previously rejected a virtually identical challenge by the Su appellants to their designation as vexatious litigants.  (See *Su et al. v. AHMC San Gabriel Valley Medical Center, LP, et al.*

—————————————

[1] We summarize here only the facts and procedural history relevant to our resolution of this appeal.

[2] Although appellants' opening brief identifies Hui Su as the sole appellant, the notice of appeal identifies both Hui Su and Wei Su as the appellants here.  Appellants' counsel confirmed at oral argument that the omission of Wei Su from the brief was an error.  We therefore treat the brief as setting forth the arguments of both appellants.

[3] Subsequent statutory references are to the Code of Civil Procedure.

(July 31, 2025, B332712) [nonpub. opn.] (*Su II*).)  We do so again here.

This appeal arises out of a 2022 medical negligence and elder abuse action filed by the Su appellants on behalf of their deceased mother, Zhijun Li, against AHMC San Gabriel Valley Medical Center, LP, d/b/a San Gabriel Valley Medical Center (AHMC) and Tag 2 Medical Investment Group LLC, d/b/a Sunny View Care Center (Sunny View).

On July 18, 2022, the trial court granted AHMC's motion to designate the Su appellants vexatious litigants pursuant to section 391, subdivisions (b)(2) and (3)[4] because (1) via their 2022 action, the Su appellants improperly sought to relitigate certain issues determined against them in a 2018 action, and (2) the Su appellants had filed three frivolous motions in that 2018 action. In addition, the court ordered the Su appellants to furnish security in the amount of $25,000 as a condition of pursuing their claims in the 2022 action.

The Su appellants failed to post the $25,000, and on September 28, 2022, the court therefore dismissed the action without prejudice.  That same day, the court entered a section 391.7 prefiling order prohibiting the Su appellants "from filing any new litigation in the courts of California without approval of the

---

[4] These subdivisions provide that the definition of "vexatious litigant" includes an individual who (1) "[a]fter a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, . . . any of the issues of fact or law . . . determined . . . by the final determination" (§ 391, subd. (b)(2)); or (2) "[i]n any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, . . . or engages in other tactics that are frivolous or solely intended to cause unnecessary delay" (*id.*, subd. (b)(3)).

presiding justice or presiding judge of the court in which the action is to be filed." In contrast to the December 7, 2023 prefiling order challenged in this appeal, the September 2022 prefiling order did not prohibit the Su appellants from making further filings in the existing trial court action.

In February 2023, still without furnishing the requisite security, the Su appellants filed a motion to vacate the order dismissing their action. In the motion, they argued the trial court had erred in designating them vexatious litigants. On March 17, 2023, the court denied the motion. The Su appellants filed an appeal of the court's March 17 order, but the appeal was dismissed due to the Su appellants' failure to file a civil case information statement, as required by California Rules of Court, rule 8.100(g). (See *Su v. San Gabriel Valley Medical Center* (July 18, 2023, B329263 (*Su I*).)

AHMC sought sanctions for costs it incurred in opposing the Su appellants' meritless motion to vacate the dismissal. On June 28, 2023, the court granted AHMC's motion and ordered the Su appellants to pay AHMC $2,460 in sanctions within 45 days of the notice of ruling.

Instead, on August 7, 2023, the Su appellants moved to vacate the sanctions order. AHMC opposed the motion to vacate and, in its opposition, requested that the court enter a new prefiling order prohibiting the Su appellants from filing any further motions in the case, or any new litigation in California courts, without prior approval. On August 31, 2023, the court denied the Su appellants' motion to vacate the sanctions award. The court also denied AHMC's request for a new prefiling order, explaining "the [c]ourt [was] of the view that it would be more prudent [for] [AHMC] to seek a [s]ection 391.7[, subdivision](a) prefiling order through a noticed motion."

4

In September 2023, AHMC filed a noticed motion seeking a new prefiling order. On December 7, 2023, the court granted AHMC's motion and entered a prefiling order prohibiting the Su appellants "from filing any further law and motion [in the instant case], or any new litigation in the courts of this state in propria persona without first . . . obtaining leave of the court pursuant to . . . [section] 391.7." (Italics omitted.)

The Su appellants filed (1) an appeal challenging the August 31, 2023 order denying their motion to vacate the $2,460 sanctions award (see *Su II*, *supra*, B332712), and (2) the instant appeal challenging the December 7, 2023 prefiling order. The Su appellants submitted largely identical opening briefs[5] in the two appeals, arguing in each that (1) the challenged order hinged on their status as vexatious litigants, and (2) the court made four errors in designating them vexatious litigants. (See *Su II*, *supra*, B332712.)

In *Su II*, we rejected the Su appellants' challenge to their vexatious litigant designation. (See *Su II*, *supra*, B332712.) We concluded, preliminarily, that the Su appellants' attempt "to relitigate the vexatious litigant ruling" was "inappropriate" because they previously had sought to challenge the ruling in a prior appeal (*Su I*, *supra*, B329263) that was dismissed due to their failure to file the required civil case information statement. (See Cal. Rules of Court, rule 8.100(g).) In addition, we addressed and rejected on the merits each of the Su appellants' four claims of error with respect to the vexatious litigant designation. (*Ibid.*) The Su appellants rely exclusively on these same four purported errors in challenging the December 7, 2023 prefiling order. For the reasons set forth in *Su II*, quoted below, we again reject those claims:

---

[5] The Su appellants did not file a reply brief in either appeal.

5

"First, [the Su appellants] contend the trial court in the 2018 action invited the frivolous filings by advising the Su appellants 'time was . . . running . . . on whatever remedies [they] may have.' Read in context, however, it is clear the comments were intended to discourage further frivolous filings by spurring the Su appellants to consult with competent legal counsel.

"Second, the Su appellants argue they do not meet the definition of 'vexatious litigant' set forth in subdivision (b)(1) of section 391 because they have not 'filed five pro se lawsuits within seven years.' This argument is inapposite, however, because the trial court did not rely on subdivision (b)(1) in making the vexatious litigant designation.

"Third, the Su appellants contend that, contrary to the court's finding, they did not 'sue[ ] the same defendants for the same alleged wrongs after losing' because the 2022 action contains claims and allegations not included in the 2018 action. Both cases, however, allege AHMC and Sunny View acted negligently in treating decedent Li for a hip fracture and stroke in 2017. The 2022 action thus seeks to relitigate an issue determined in the 2018 action, and the inclusion of new allegations in the 2022 action does not change this fact.

"Fourth, and finally, the Su appellants argue that, pursuant to *Childs v. PaineWebber Incorporated* (1994) 29 Cal.App.4th 982 . . . , the pendency of the instant appeal means they are not yet vexatious litigants under the law. *Childs*, however, does not hold that a vexatious litigant designation lacks effect until it has been affirmed on appeal. In *Childs*, the trial court designated the plaintiff a vexatious litigant pursuant to section 391, subdivision (b)(2) based on its finding she was seeking to relitigate issues that had been 'finally determined' against her in prior litigations. [Citation.] The appellate court reversed the designation

6

because the appeals in the prior litigations had not concluded, and the issues plaintiff sought to raise therefore had not been finally determined against her. [Citation.] Here, in contrast, the Su appellants do not contend the prior 2018 action disposing of their medical negligence allegations still is pending on appeal or otherwise is not yet final." (*Su II, supra,* B332712, italics omitted.)

We therefore conclude the Su appellants have failed to demonstrate the trial court erred in making the vexatious litigant designation or in issuing the December 7, 2023 prefiling order.

Accordingly, we affirm.[6]

---

[6] In light of our conclusion, we need not address AHMC's remaining arguments, including that the Su appellants' opening brief is procedurally defective. We, however, grant AHMC's request to strike the 33-page declaration of Hui Su appended to the Su appellants' opening brief. That declaration postdates the order challenged on appeal and therefore is not within the scope of our review. (See *In re Zeth S.* (2003) 31 Cal.4th 396, 405 ["[i]t has long been the general rule and understanding that 'an appeal reviews the correctness of a judgment as of the time of its rendition, upon a record of matters which were before the trial court for its consideration' "].)

## DISPOSITION

The December 7, 2023 prefiling order is affirmed.
Respondents are awarded their costs on appeal.

<u>NOT TO BE PUBLISHED</u>.


ROTHSCHILD, P. J.

We concur:


WEINGART, J.



M. KIM, J.